**Michael Shane JOURNEYCAKE,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–01085–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 5, 2001.

Rehearing Overruled Aug. 30, 2001.

W. Troy McKinney, Houston, for Appellant.

John B. Holmes, Julie Klibert, Houston, for State.

Panel consists of Justices WILSON, TAFT and PRICE.*

## OPINION

TAFT, Justice.

Appellant, Michael Shane Journeycake, pled guilty to misdemeanor driving while

intoxicated. Pursuant to a plea-bargain agreement, the trial court assessed punishment at 180 days in jail, suspended for one year of community supervision, and a $400 fine. Appellant appeals the trial court's refusal to suppress his intoxilyzer results, raising three points of error. We address: (1) whether the trial court erred by failing to suppress appellant's intoxilyzer test results; (2) whether a factual sufficiency standard of review applies to a trial court's ruling on a motion to suppress; and (3) whether we must decide the State's burden of proof in establishing the voluntariness of consent to take an intoxilyzer test. We affirm.

### Facts

Harris County Sheriff's Sergeant K.R. Alee stopped appellant's vehicle in the early morning hours, after observing appellant spin the tires of his vehicle on a public road. Alee noticed appellant had glassy eyes and an odor of alcohol on his breath, and appellant admitted he had been drinking. Harris County Sheriff's Deputy Charles Foulke stopped at the scene to aid Alee, arrested appellant, and transported him to the Cypresswood Substation, where Foulke read appellant the required statutory warnings from the standard DIC–24 form and handed appellant a copy of the DIC–24 form. Appellant agreed to take the intoxilyzer test, which was administered by Deputy B.G. Wilbanks. The intoxilyzer test showed appellant had alcohol concentrations of 0.189 and 0.182.

Appellant filed a pretrial motion to suppress his intoxilyzer results, claiming he did not receive the required statutory warnings, orally or in writing, before submitting to the intoxilyzer test. Appellant

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

acknowledged he found a DIC–24 form in his property upon release from jail. Wilbanks had no independent recollection of appellant's intoxilyzer test or whether Foulke gave appellant the statutory warnings. Although Foulke's testimony contained other inconsistencies, he unequivocally testified he provided appellant with the statutory warning, both orally and in writing. The trial court denied appellant's motion to suppress, but authorized appellant to appeal the denial.

## Voluntariness of Consent to Take Intoxilyzer Test

Appellant brings three points of error contending the trial court abused its discretion by not suppressing the intoxilyzer test results. Appellant claims the evidence is factually insufficient for the trial court to have concluded appellant voluntarily consented to the test because of conflicting evidence regarding whether Foulke gave appellant the required statutory warnings before appellant submitted to the test.

■ The usual standard of review for a motion to suppress requires that we defer to the trial court's resolution of any conflict in the evidence. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997); *Martinez v. State*, 29 S.W.3d 609, 611 (Tex.App.—Houston [1st Dist.] 2000, pet filed). Appellant proposes, however, that we apply a new approach, by applying a factual sufficiency analysis in determining whether the State proved, by clear and convincing evidence, that appellant voluntarily consented. Appellant relies on the concurring opinion in *Erdman. See Erdman v. State*, 861 S.W.2d 890, 894 (Tex. Crim.App.1993) (Baird, J. concurring).[1]

Appellant cites no authority, however, for the proposition that factual sufficiency analysis controls. We decline appellant's invitation to establish a new standard for reviewing a trial court's ruling on a motion to suppress.

■ In this case, the issue is straightforward. Appellant testified he did not receive the required statutory warnings before taking the intoxilyzer test. Foulke testified he provided the required warnings before asking appellant to submit to the test. Having denied appellant's motion to suppress, the trial court must have believed Foulke. In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to accord their testimony. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App.1999); *Martinez*, 29 S.W.3d at 611.

■ Applying the well-established standard of review, we find no abuse of discretion in the denial of appellant's motion to suppress the results of his intoxilyzer test. Accordingly, we overrule appellant's three points of error.

## Conclusion

We affirm the judgment of the trial court.

---

**1.** As the *Erdman* majority noted, the Court of Criminal Appeals was not required to decide the appropriate standard of proof to establish voluntariness. *Erdman*, 861 S.W.2d at 893 n.

2. Because resolution of the issue here turns solely on resolving a direct conflict between appellant's testimony and a deputy's, we likewise need not decide the standard.