**The STATE of Texas,**

v.

**David Marshall BALLARD, Appellee.**

**No. 360–98**

Court of Criminal Appeals of Texas.

Feb. 24, 1999.

Dan R. Hurst, Tyler, for appellant.

Kathryn M. Veech, Asst. Dist. Atty., Canton, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the unanimous opinion of the Court.

Appellee was charged with the offense of driving while intoxicated. He filed a motion to suppress, alleging that items seized from his vehicle were the fruits of an illegal search, undertaken pursuant to an unlawful detention and arrest. The trial court denied the motion as to the lawfulness of the arrest, but granted the motion as to the search. The State appealed. In an unpublished opinion, the Court of Appeals reversed the judgment and remanded the cause to the trial court, holding that the trial court abused its discretion in granting appellee's motion to suppress. *Ballard v. State*, No. 12–96–00313–CR (Tex.App.—Tyler November 12, 1997, pet. granted)(not designated for publication). Appellee's subsequent motion for rehearing was overruled. *Ballard v. State*, No. 12–96–00313–CR (Tex.App.—Tyler February 9, 1997, pet. granted)(not designated for publication). We granted appellee's petition for discretionary review to consider the following:

(1) Is a search "incident to arrest," conducted prior to a formal pronouncement of arrest, valid if it is prior to the officer's establishment of probable cause for arrest, or is it only necessary that proper probable cause for arrest be established after the search?

(2) Is it proper for a higher court to determine the existence of probable cause to arrest prior to a search, where the trial court's ruling effectively excludes any factual basis that the arresting officer ever determined such, prior to the search?

We will affirm.

### Facts

Police officer Charles Brown received a radio dispatch describing an eighteen-wheeler that was traveling on the highway and driving recklessly and forcing other vehicles

off the road.[1] Brown saw a truck matching the description; he turned on his lights and siren and pursued the truck for approximately one mile, at which point the truck pulled over. During pursuit, Brown observed the truck occasionally traveling directly on the center line of the highway and occasionally crossing the "fog line" on the extreme right side. After he stopped the vehicle, Brown asked appellee (the driver) to walk to the back of the truck. According to Brown's testimony, as appellee walked to the back of the truck he veered to the side and collided with the side of the truck. Brown noticed further that appellee's speech was slurred, he had difficulty standing still, was unsure about his whereabouts for that day and his intended destination. Brown concluded that appellee was impaired, although he testified that he did not form an opinion as to the cause of the impairment.

Trooper Terry Jackson, who had originally radioed for assistance in stopping the truck, arrived at the scene shortly thereafter. Jackson instructed Brown to place appellee in the squad car for "safety reasons." Jackson searched the truck's cab and found prescription drugs, marijuana and a crack pipe. Jackson then placed appellee under arrest.

At the suppression hearing, Officer Brown testified to the facts outlined above.[2] At the conclusion of the hearing, the trial court granted the motion to suppress any evidence found in the search and denied appellant's motion challenging the validity of the arrest. The State appealed.

### Court of Appeals' Decision

In an unpublished opinion, the Court of Appeals reversed the trial court's holding on the suppression of the evidence. *Ballard v. State,* No. 12–96–00313–CR (Tex.App.—Tyler November 12, 1997)(not designated for publication). It held that the search was valid as a search incident to an arrest. *See id.* at 3–4.

The Court of Appeals explained that under *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) and *Williams v. State* 726 S.W.2d 99 (Tex.Crim.App.1986), an officer may search a vehicle's passenger compartment if probable cause exists to arrest the driver. *See id.* at 4. *Williams* established further that a search may precede an arrest by a few moments. *See id.* The Court of Appeals determined that the testimony reflected sufficient probable cause for arrest, and that the trial court had abused its discretion in holding the search invalid. *See id.* The Court of Appeals later denied appellee's motion for rehearing on the same grounds. *Ballard v. State,* No. 12–96–00313–CR slip op. at 4 (Tex.App.—Tyler February 9, 1998)(not designated for publication).

### Standard for Review

 In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). In reviewing the trial court's decision, an appellate court views the evidence in the light most favorable to the trial court's ruling. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The reviewing court may not disturb supported findings of fact absent an abuse of discretion. *See Etheridge v. State,* 903 S.W.2d 1, 15 (Tex.Crim.App. 1994), *cert. denied* 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). Consequently, this Court will only address the question of whether the trial court properly applied the law to the facts. *Romero,* 800 S.W.2d at 543.

### Analysis

 The first ground for review mischaracterizes the issue. It focuses on the point in time at which probable cause must be established in order for a search incident to an

---

1. Specifically, the radio dispatch informed Brown to "be on the lookout for an 18–wheeler, possible [sic] maroon and gray in color, bearing the letters G–T–S on the rear of the trailer."

2. Officer Jackson also testified at the hearing, but in an evasive and self-contradicting manner. The trial court excluded Jackson's testimony completely in reaching its ruling. As the trial judge is the sole arbiter of witness credibility and the proper weight to give testimony, none of Jackson's testimony is included in this opinion nor used to determine its outcome. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Cr.App.1990)(trial judge is sole finder of fact and judge of witness credibility).

arrest to be valid. More specifically, it questions whether an officer must have probable cause to arrest before he conducts a search of a suspect's vehicle, or can probable cause be established subsequent to a search. However, a search conducted prior to the establishment of probable cause could never be considered valid. An officer could stop a vehicle for any reason or no reason, search its passenger compartment and then arrest the occupants based on whatever evidence is found in the search. The Fourth Amendment was enacted to protect citizens from precisely this type of unreasonable search.[3] The actual issue on review is whether or not the trial court properly determined the existence of probable cause to arrest appellee prior to the search.

We are hindered in our analysis due to the lack of Findings of Fact or Conclusions of Law in the record. It appears that neither side asked the judge to provide them. The sole indicium of how the trial court arrived at its decision is the single-sentence order that closes the suppression hearing:

> "Based on the testimony that's on the record, Officer Brown's testimony, I'm going to deny the Motion to Suppress as to the arrest, and I'm going to grant it as to anything seized from the vehicle prior to the arrest time."

Conflicting conclusions arise from this ruling. Brown's testimony must have established sufficient probable cause to the trial court for it to determine that the arrest was valid; nevertheless, it determined that the search immediately preceding the arrest was invalid. This result is a legal impossibility under the facts of this case and the applicable case law. If there was sufficient probable cause to validate the arrest, the search incident thereto must be valid.

■■■ It is established in the case law that an officer must have probable cause to arrest a defendant without a warrant. *See Anderson v. State*, 932 S.W.2d 502, 506 (Tex.Crim.App.1996)(citing *New York v. Harris*, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d

13 (1990)). Probable cause for an arrest exists where, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing a crime. *See Smith v. State*, 739 S.W.2d 848, 851 (Tex.Crim.App.1987). Once an officer has probable cause to arrest, he may search the passenger compartment of a vehicle as a search incident to that arrest. *See Williams v. State* 726 S.W.2d 99 (Tex.Crim.App.1986)(citing *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)). It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to arrest before the search. *Williams*, 726 S.W.2d at 101 (citing *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)).

■ In the instant case, the trial court ruled the search in question was invalid, thereby precluding the use of evidence arising therefrom in its determination of probable cause for the arrest. *See Pichon v. State*, 683 S.W.2d 422, 430 (Tex.Crim.App.1984)(citing *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)(an arrest cannot be justified by the fruits of an illegal search)). Therefore, the court was left with only two options in determining when probable cause was established: either Officer Brown's personal observations of appellee established adequate probable cause to arrest **before** the search was undertaken, or probable cause was established **after** the search of the vehicle and **before** the time of the arrest. However, nothing occurred between the search and the arrest that could have given rise to a finding of probable cause: when the officer concluded his search of the vehicle, he simply walked back to the squad car and arrested appellee. The only logical explanation for the trial court's ruling is that it determined sufficient probable cause to ar-

---

**3.** The Fourth Amendment provides in pertinent part, "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and now warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched." U.S. Const. amend. IV.

rest was established **before** the search of the vehicle.

 Once it is determined that probable cause to arrest existed prior to the search of appellee's vehicle, *Williams* requires that the subsequent search be ruled as a valid search incident to the arrest. Officer Brown had probable cause to arrest appellee before the search of the vehicle.[4]

 The trial court incorrectly applied the law in determining that the arrest was valid, but the search incident thereto was not. Misapplication of the law to the facts of a particular case is a *per se* abuse of discretion. *See Romero*, 800 S.W.2d at 543. The Court of Appeals was correct in reversing the suppression of the evidence based on an illegal search. The first ground for review is overruled.

Appellee's second ground for review is without merit. Appellee argues that the trial court's ruling effectively excludes any factual basis for the arresting officer's determination of probable cause to arrest prior to the search. This argument is exactly backwards. As explained above, the trial court's ruling conclusively established that probable cause to arrest existed before the search because it determined the arrest to be valid.

Appellee provides no authority or cohesive theory to support how the court could logically find a valid arrest but an invalid search under the facts of this case. Appellee relies on the fact that both officers testified that the pronouncement of arrest came after the search. However, the time at which an officer announces arrest is not the critical issue; rather it is whether sufficient probable cause for arrest existed before the search. By finding that this arrest was valid, the trial court must have determined that probable cause existed. Officer Brown's testimony established the factual basis for the finding of a valid arrest. Thus, the second ground for review is overruled.

We overrule appellee's grounds for review and affirm the judgment of the Court of Appeals.

---

4. Officer Brown's testimony regarding appellee's poor physical and mental condition provided ample evidence in the record to support this conclusion. This testimony was the sole basis for the trial court's ruling upholding the validity of the arrest.