Affirmed and Opinion filed July 11, 2002
















Affirmed and
Opinion filed July 11, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00812-CR

____________

 

BENITO DIAZ MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause No. 855,496

 

 

 

O P I N I O
N

            Benito Martinez appeals his
ten-year, probated sentence for possession of 1,794 pounds of marijuana.  In two issues, appellant argues the consent
he gave to the search that yielded the marijuana was coerced.  We affirm.

Background

            On September 12, 2000, U.S. Customs received
information that a large quantity of marijuana was being stored at 7311
Alderson, Houston, Texas.  A team that included Houston Police Officer
J. R. Moreno began surveillance at 7311 Alderson that same morning.  7311 Alderson consists of a truck repair shop
and, on the second floor, an apartment that was inhabited by appellant, his
wife, and the couple’s child.








            At 5:00 p.m., a group of officers knocked on the door to
appellant’s apartment.  Appellant
answered and the officers entered. 
Appellant admits he verbally consented to the search of his apartment
and of a truck parked on the premises. 
After the search of the apartment had begun, the officers obtained a written
consent.  The consent form identified
both the apartment and the repair shop on the ground floor.  Keys found in appellant’s apartment enabled
the officers to enter the repair shop. 
The marijuana was concealed under tarps on the east side of the shop.

            Appellant filed a motion to
suppress.  The motion was considered on
the parties’ affidavits and denied. 
Appellant then entered a plea of guilty with an agreed sentencing
recommendation but retained the right to appeal the trial court’s ruling on his
motion to suppress.

Issues

            In his first issue, appellant
alleges the written consent he gave to search the repair shop was coerced.  In his second issue, appellant contends the
written consent was tainted by the officers’ prior, warrantless, and allegedly
non-consensual entry into his apartment. 
We address the second issue first.

Standard of
Review

            In reviewing the trial court’s
ruling on a motion to suppress, we afford almost total deference to a trial
court’s determinations of historical facts that the record supports and to its
rulings on the application of law to fact questions, also known as mixed
questions of law and fact, when those rulings are based on an evaluation of
credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App.
2002); Guzman v. State, 955 S.W.2d
85, 87–89 (Tex. Crim. App. 1997).[1]  Mixed questions of law and fact that do not
turn on an evaluation of credibility and demeanor are reviewed de novo. Guzman, 955 S.W.2d at 89. 
Where, as here, findings of fact are not filed, we review the evidence
in a light most favorable to the trial court’s ruling.  State
v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  We
assume the court made implicit findings of fact that support its ruling to the
extent the record supports them.  Roquemore v. State, 60 S.W.3d 862, 866 (Tex. Crim.
App. 2001).

Waiver

            The State argues appellant’s issues
are waived because (1) his motion to suppress only identified evidence seized
“from the Defendant, and his home, 7311 Alderson,” without specifically
referencing the repair shop; (2) his notice of appeal was inadequate; and (3)
he failed to produce evidence defeating the presumption of proper police
conduct.  See Tex. R. App. P.
25.2(b)(3)(B) (notice of appeal must “specify that the substance of the appeal
was raised by written motion and ruled on before trial”); Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986) (holding
defendant meets his initial burden of proof by establishing that a search or
seizure occurred without a warrant).  Because we overrule appellant’s issues on
the merits, we need not address the State’s waiver arguments.

Initial Entry into Apartment — Issue
Two

            According to appellant, the
officers’ initial entry into his apartment was not consensual.  Appellant cites no evidence in the record
supporting this assertion.  Our
examination of the record reveals that this claim is newly made on appeal and
unsupported by the record.  Appellant did
not allege in his affidavit in support of his motion to suppress that the
officers forced their way into his apartment. 
Rather, the affidavit states that he “responded to a knock” at his front
door.  Furthermore, appellant admits he
verbally consented to the search of his apartment.  Appellant’s second issue is overruled.  See
also Tex. R. App. P. 38.1(h)
(requiring citation to the record).

Consent to Search — Issue One

            In contesting the validity of the
search of the repair shop, appellant’s specific complaint is that Officer
Moreno threatened to take his wife to jail and turn his child over to
Children’s Protective Services. 
Appellant’s pretrial motion alleged coercion in violation of both the
federal and Texas
constitutions. See Schneckloth v.
Bustamonte, 412 U.S. 218,
219 (1973) (U.S.
Constitution); State v. Ibarra, 953
S.W.2d 242, 243 (Tex. Crim. App. 1997) (Texas
Constitution).  Although the federal
constitution only requires the State to prove the voluntariness of consent by a
preponderance of the evidence, the Texas Constitution requires the State to
show that the consent was freely given by clear and convincing evidence.  Ibarra, 953 S.W.2d at 244–45.  We therefore review the evidence under the
more protective, Texas
standard.  Johnson v. State, 68 S.W.3d 644, 653 n.30 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 331
(Tex. Crim. App. 2000).

            In determining whether an accused’s
consent to search is voluntary, we consider the totality of the
circumstances.  Johnson, 68 S.W.3d at 653 (citing Ohio v. Robinette, 519 U.S. 33, 40
(1996)); Reasor v. State, 12 S.W.3d
813, 818 (Tex. Crim. App. 2000). 
Appellant’s prior, verbal consent to search his home and truck supports
the conclusion that his subsequent consent to the search of the repair shop was
also voluntary.  See, e.g., United States v. Pulvano, 629 F.2d 1151, 1156–57 (5th
Cir. 1980) (holding appellant’s prior refusal to give consent is factor to be
considered in assessing voluntariness of later decision to cooperate with law
enforcement).  The written consent form
signed by appellant is in Spanish, appellant’s primary language.[2]
The form states, in pertinent part (in translation): “I understand that I have
the right to refuse the consent described above and to refuse to sign this
form.”  Above this admonishment, the form
clearly distinguishes the search of appellant’s apartment from the search of
the business labeled “Power Truck Repair.” 
Regarding the circumstances surrounding appellant’s execution of the
consent form, Officer Moreno’s affidavit states:

After [appellant] read it, I asked him if he
understood, he stated, “yes”.  I asked
him if he consented to the search; sign the form, which he did.

 

            By contrast, the factors identified
in Reasor as evidence of coercion are
absent here.  See Reasor, 12 S.W.3d at 818. 
In holding a search to be consensual, the court noted (1) Reasor was
handcuffed at the time he consented; (2) he was arrested at gunpoint, though
guns were not drawn at the time of consent; (3) the consent was obtained after
an illegal entry into appellant’s home; (4) Reasor was Mirandized twice; (5) he signed a consent to search form; and (6)
no contraband had been found prior to consent.  Id. at
818–19.

            Here, appellant was neither
handcuffed nor arrested at the time he consented.  No guns were ever drawn.  Appellant’s consent was not obtained after an
illegal entry into his home.  The police
had not found any drugs prior to gaining appellant’s consent to the search of
the repair shop.  Finally, appellant signed a written
consent form.  The only evidence of coercion is
appellant’s sworn statement that he would not have consented to the search but
for his fear the officers would incarcerate his wife and give their child to
Children’s Protective Services.  Although
Officer Moreno’s affidavit neither denies nor confirms appellant’s allegation
of threat, it does indicate appellant read and understood the consent form.  Reconciling appellant’s written consent with
his subsequent, uncorroborated allegation of coercion, and comparing each of
these with the version of events described in Officer Moreno’s affidavit
depends entirely upon one’s assessment of each person’s credibility, a task
ordinarily reserved for the trial court. 
Guzman v. State, 955 S.W.2d
85, 87–89 (Tex. Crim. App. 1997).  

            Although case law and article 28.01 of the Texas Code of
Criminal Procedure authorize a trial court to rule on a motion to suppress
without live testimony, this court has previously observed that affidavits are
a poor means of resolving disputes where, as here, legally determinative facts
are contested.  See Manzi v. State, 56 S.W.3d 710, 715 (Tex. App.—Houston [14th
Dist.] 2001, pet. granted).  At least one
federal court has found evidence of voluntariness lacking under circumstances
substantially similar to those presented here. 
See United States v. Ivy, 165
F.3d 397, 402–03 (6th Cir. 1998) (consent not voluntary when officers
threatened to remove appellant’s girlfriend’s child from her custody).

            Unlike the court in Ivy, we do not have a specific finding
that the coercive threat was actually made. 
Under this circumstance, we follow Texas law and
hold the evidence clearly and convincingly demonstrates appellant’s consent to
the search was voluntary.  State v. Ibarra, 953 S.W.2d 242, 245
(Tex. Crim. App. 1997).  We overrule
appellant’s first issue.

            Accordingly, we affirm the judgment
of the trial court.

 

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed July
 11, 2002.

Panel
consists of Justices Yates, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











            [1]  This court has recently questioned
deferential review of decisions hinging on credibility where those decisions
are made on the basis of affidavits alone. 
See Manzi v. State, 56 S.W.3d
710, 715–16 (Tex. App.—Houston [14th Dist.] 2001, pet. granted) (noting that
trial court is in no better position than appellate court to determine
historical facts when motion to suppress heard on affidavits alone).





            [2]  The record indicates Officer Moreno also
conversed with appellant in Spanish.