# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-000093-CR

**Ray Perez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-01-0369-S, HONORABLE RAY LEIFESTE, JUDGE PRESIDING

Appellant Ray Perez was charged with the offense of possession of over four but less than 200 grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. ' 481.112(a), (d) (West Supp. 2002). Appellant filed a pretrial motion to suppress contending that evidence of the offense was discovered during an unlawful warrantless search of his hotel room. Following a hearing, the district court overruled the motion, appellant pleaded guilty, and the court assessed punishment at twenty-three years in prison. Appellant contends that the district court abused its discretion in overruling his motion to suppress evidence because (1) he did not consent to the search; (2) there was no probable cause or exigent circumstances to justify the search; and (3) there was no basis to conduct a perimeter search within the hotel room. We will affirm the conviction.

## Background

At the suppression hearing, Detective John McGuire, Sergeant Greg Keeling, and appellant testified about the events related to the offense. During a narcotics investigation on the night of March 9, 2001, McGuire and Keeling received information that appellant was in possession of cocaine. The officers learned that appellant was staying with his family at the Holiday Inn in San Angelo. That night, at 12:30 a.m., the officers knocked on the door of appellant=s hotel room. Nelly, appellant=s common law wife, answered the door. The officers, dressed in blue jeans and t-shirts, identified themselves as police officers and asked to speak to appellant. Nelly stepped out into the hallway and asked if the officers were there regarding appellant=s arrest warrant to revoke his probation and, if so, were they going to arrest appellant. Keeling told her that they were not there regarding a warrant but that they just wanted to talk to appellant about another investigation. As she went back into the room, appellant stepped out into the hallway and closed the door.

According to McGuire, Keeling then identified them as police officers and asked appellant if they could step into the room to talk with him. Appellant told the officers his children were asleep, that he would go back into the room, get some personal belongings and come back out to the hallway because he knew there was a warrant out for his arrest. Keeling told appellant that he could not go back into the room alone, that they were not there about the warrant but were there because they had been informed he had controlled substances in the room. Appellant denied he was in possession of controlled substances. Keeling asked appellant if the officers could search the room. Keeling testified that appellant told the officers

they could look around if they did not wake the children.  McGuire testified that appellant then knocked on the door, Nelly opened it, and appellant told the officers, AYou can look.@

McGuire searched the room as Keeling explained to Nelly that they had been informed that there were drugs in the room.  Nelly asked the officers if they had a search warrant to which McGuire responded, ANo, we do not; [appellant] gave us consent to search.@  Nelly then told the officers they needed a search warrant.  Appellant spoke up and said, AI told them they can search where they=ll go.@  McGuire noticed some white powder in plain view on top of the writing desk in the room.  He told Nelly and appellant that he would field test it and, if the sample tested positive for cocaine, he would apply to a magistrate for a search warrant.  Nelly then told McGuire, ANo, go ahead and look.@  McGuire continued his search and between the mattress and the box springs of one bed found a plastic bag containing a large chunk of a white substance.  McGuire asked appellant if there was anything else in the room that he wanted to tell the officers about.  Pointing to the closet, appellant told McGuire, Athere=s more in there.@  McGuire opened the closet and found a pink bag containing two plastic bags of white powder.  McGuire opened the desk drawer and found a large amount of cash.  Also in the drawer he found two large chunks of a white substance.  The officers field tested the white substance which tested positive for cocaine.  The officers arrested appellant for possession of cocaine with intent to deliver.

Appellant testified at the suppression hearing that although the officers asked for his consent to search the room he refused their request.  According to appellant, after talking with the officers in the hallway, they simply followed him into the room.  The trial court denied the motion to suppress, implicitly finding that consent to search was voluntarily given in this case.

**Discussion**

Appellant contends in his third issue that the trial court abused its discretion in overruling his motion to suppress the evidence recovered during the search of the hotel room as there was no consent given to search the room.

We review a trial court=s ruling on a motion to suppress evidence for an abuse of discretion. *Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In this review, we defer to the district court=s factual determinations but review *de novo* the court=s application of the law to the facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1999). At a suppression hearing, the trial court is the sole and exclusive trier of fact and the judge of the credibility of the witnesses and their testimony. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); *Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991). When, as in this case, the district court does not make explicit findings of fact, we review the evidence in the light most favorable to its ruling and assume that it made implicit findings that are supported by the record and buttress its conclusion. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Voluntary consent to a search is a well-established exception to the constitutional requirement of a search warrant or probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Carmouche*, 10 S.W.3d at 331. The validity of consent to search is a question of fact to be determined from all the circumstances. *Ohio v. Robinette*, 519 U.S. 33, 40 (1996); *Allridge*, 850 S.W.2d at 493. Although the federal constitution requires that proof of consent to search be shown by a

4

preponderance of the evidence, the Texas Constitution requires clear and convincing evidence that consent to search was given voluntarily. *Carmouche*, 10 S.W.3d at 331; *Allridge*, 850 S.W.2d at 493.

The circumstances of the request for consent were that two officers, dressed in blue jeans and t-shirts, without guns drawn, standing about three to four feet away from appellant told appellant they had been informed that he had cocaine in the hotel room. They asked to go into his room and look around. Both officers testified that appellant consented to a search of the motel room when he said that the officers could Ago in and look.@ Additionally, both officers testified that despite Nelly=s hesitancy about letting the officers search the room, appellant told her to let the officers do their job so they would leave.

While deferring to the trial court=s implicit finding of facts, we conclude *de novo* that the officers found the cocaine pursuant to a valid consent search. The trial court did not abuse its discretion in denying appellant=s motion to suppress. Appellant=s third issue is overruled. Having determined that the search was valid, we do not address appellant=s first and second issues are they are unnecessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1. The conviction is affirmed.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish