11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Donald
William Gray

Appellant

Vs.      
            No. 11-01-00126-CR --  Appeal from Rockwall
County

State of Texas

Appellee

 

The jury
convicted appellant of driving while intoxicated.  The trial court assessed his punishment at confinement in the
Rockwall County Jail for a term of 60 days, probated for a term of 2 years.  The trial court  also imposed a fine of $1,000. 
Appellant brings one point of error on appeal contending that the trial
court erred in denying his motion to suppress intoxilizer test results.[1]  We affirm.

Appellant
argues that his consent for submitting a breath specimen for analysis was  involuntarily obtained.  Appellant testified about a conversation
that he had with an unidentified police officer while being transported from
the scene of the initial stop.  
Appellant stated that he asked the officer what would happen if he did
not submit a breath specimen.  Appellant
testified that the officer told him that he would spend the night in jail if he
did not take the breath test.  Appellant
further testified that he would not have taken the breath test if the officer
had not made this statement to him. 
Citing Erdman v. State, 861 S.W.2d 890 (Tex.Cr.App.1993), appellant asserts
that the officer=s purported statement rendered his consent
for the breath test involuntary.   The
officer who allegedly made the statement to appellant did not testify at the
hearing on the motion to suppress.  
However, the State disputed the statement=s occurrence during its cross-examination of appellant and argument to
the trial court.  








At a
suppression hearing, the trial court is the sole, exclusive trier of fact and
the judge of the credibility of the witnesses and their testimony.  Maxwell v. State, 73 S.W.3d 278, 281
(Tex.Cr.App.2002); Allridge v. State, 850 S.W.2d 471, 493 (Tex.Cr.App.1991), cert.
den=d, 510 U.S. 831 (1993).   We give
almost total deference to a trial court=s rulings on questions of historical fact and
application-of-law-to-fact questions that turn on an evaluation of credibility
and demeanor while we review de novo application-of-law-to-fact questions that
do not turn upon credibility and demeanor.  
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Cr.App.2002); Guzman v.
State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997). 
Since the trial court did not make explicit findings of fact, we review
the evidence in a light most favorable to the trial court=s ruling. 
Maxwell v. State, supra, at 281; State v. Ballard, 987 S.W.2d 889
(Tex.Cr.App.1999).  

The
resolution of appellant=s motion to suppress required the trial court to determine whether the
unidentified officer made the statement in question and the extent of appellant=s reliance on the purported statement.  This determination depended upon the trial
court=s assessment of appellant=s credibility.  The record does not reflect that the trial court abused its
discretion in making this assessment. 
Appellant was not able to identify the officer who allegedly made the
statement.  Moreover, appellant=s conviction for driving while intoxicated
did not solely depend on the results  of
his breath test.  The Texas Penal Code
provides two methods by which a person may be determined to be
intoxicated:  (1) not having the normal
use of mental or physical faculties by reason of the introduction of a
substance into the body; or (2) having an alcohol concentration of 0.08 or
more.   TEX. PENAL CODE ANN. ' 49.01(2) (Vernon Supp. 2002).  The information and jury charge alleged that
appellant was intoxicated under both methods. 
Appellant does not challenge the jury=s implicit finding that he did not have the normal use of his mental
and physical faculties at the time of the offense.  Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

September 19, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]The appellate record reflects that the analysis of
appellant=s breath specimen revealed alcohol concentration levels
of 0.158 and 0.164.