11th Court of Appeals

 Eastland, Texas

          Opinion

 

Robert Earl Harris

Appellant

Vs.                   No. 11-02-00051-CR 
-- Appeal from Harris County

State of Texas

Appellee

 

After a
nonjury trial, the court overruled a motion to suppress evidence, found that
Robert Earl Harris was guilty of AUnlawful Possession of Firearm,@ and assessed his punishment at confinement for two years.[1]  We affirm.   

      Background Facts

Officer
Charles Homer Starks of the Houston Police Department testified that he
assisted Officer Jason Sims of the Houston Police Department when Officer Sims
arrested appellant on May 17, 2001, at about 3:00 a.m.  Officer Starks said that he observed Officer
Sims making a traffic stop in the 100 block of West Rankin.  The two officers were in different police
cars.  Appellant stopped his car in the
outside lane of the street;  Officer
Sims stopped behind appellant=s vehicle; and Officer Starks stopped behind Officer Sims.  The two officers approached appellant=s car at the same time.  Officer Starks approached the passenger, and
Officer Sims approached appellant.  








Officer
Starks testified that Officer Sims put appellant in the Aprisoner holding area@ of Officer Sims=s vehicle and told Officer Starks that
appellant had been arrested for some traffic warrants out of the City of
Humble.  Officer Starks testified that he
saw Officer Sims do an inventory search of appellant=s vehicle and that he saw Officer Sims Acome out from the driver=s side of the vehicle holding a pistol.@ 
Officer Starks also testified that, when he first approached appellant=s vehicle, the television set Awas on.@  Officer Starks testified that
he Acould observe the glow of the television
receiver@ from where he was sitting in his police car
and that it was against the law to have a television receiver in a vehicle if
it was within the view of the driver.[2]  Officer Starks testified that the television
set was Aclearly visible from where the driver was
sitting.@  
Officer Starks also testified about the Achain of custody@ on the gun and bullets which were taken from appellant=s car.[3]             Officer
Sims testified about the events on May 17 when he made the traffic stop which
led to appellant=s arrest. 
Officer Sims said that the driver of a Cadillac Awas operating his hydraulics on the street@ and that Ahe also had a T.V. playing@ when Officer Sims pulled his patrol car beside and to the left of
appellant=s car.[4]    Officer Sims turned on his overhead
lights, and appellant stopped his car. 
Officer Sims pulled in behind the Cadillac, and the other officer
stopped behind him.  Officer Sims said
that he approached the driver and got his driver=s license, that appellant was the man who was driving the Cadillac, and
that appellant was Avery
nervous.@ Officer Sims said that he put appellant in
the back of his patrol vehicle while he did a computer check on appellant=s license and that the computer check showed
that appellant was wanted out of Humble for a warrant.

Officer
Sims said that he placed appellant under arrest when the computer check showed
the outstanding warrant.[5]  Officer Sims testified that he and Officer
Starks searched appellant=s vehicle before he had it towed. 
That is when he found the loaded gun which was in the console next to
the driver=s seat in the automobile.  Appellant said that he had the weapon Aso he wouldn=t get carjacked.@  Appellant told Officer Sims
that he had been carjacked before and that he did not want to be carjacked
again.  During cross-examination,
Officer Sims testified that he became aware of the television set playing when
he pulled his police car up beside appellant=s car.








The State=s final witness was Deputy Sheriff Roy
William McDonald.  He is with the Identification
Division of the Harris County Sheriff=s Department.  He testified that
appellant=s fingerprints matched the fingerprints on
the judgment and sentence in Cause No. 727,086, State of Texas vs. Robert Earl
Harris, in the 182nd District Court of Harris County, Texas.  That judgment shows that appellant was
convicted of a felony offense, unauthorized use of a vehicle, on August 8,
1996.

Appellant
was the only other person who testified. 
He testified about his version of the events on May 17 when he was
stopped on Rankin Road while driving his 1983 Cadillac.  He and a friend had left a club at
approximately 2:00 a.m.  The car which
he was driving had been given to him by his parents, and it was a Ashow car.@  Appellant testified that he
did not activate the hydraulic system that night and that he never activated it
when the car was in motion.  Appellant
also testified that it was Aimpossible to drive and look at the T.V. at the same time.@ 
Appellant said that the television was for the passengers.  Appellant testified that the television set Awas not on@ when the police car pulled up beside him.  We need not discuss appellant=s testimony about the written statement which he signed that night
because the trial court granted his motion to suppress the written
statement.  During his
cross-examination, appellant testified that the television set Awasn=t on@ when the police officer pulled up beside
him, that he had never been carjacked, and that the police officer was Alying@ when the officer said that appellant told him that he carried the
weapon to protect himself and to protect the car.     

 Issues for Appellate Review

Appellant
presents two issues for appellate review. 
First, he argues that the trial court abused its discretion in
overruling his motion to suppress evidence. 
Then, he argues that the evidence was Alegally insufficient@ to prove beyond a reasonable doubt that he was in possession of a
weapon.

 Motion to Suppress

As a
general rule, the appellate courts defer to the trial court=s Adetermination of the historical facts@ which are supported by the record, especially when the trial court=s fact findings are based on an Aevaluation of credibility and demeanor.@ 
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997).  In a suppression hearing, Athe trial court is the sole trier of fact@ and is the judge of  Athe credibility of the witnesses and the weight to be given their
testimony.@ 
State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App.1999).  The trial court did not abuse its discretion
in overruling appellant=s motion to suppress evidence of the gun which was found.  








The
officers= testimony showed probable cause for the
traffic stop.  Both of the officers
testified that the television was on and that this was a violation.  See Footnote No. 2.  The outstanding warrant authorized the
arrest, and the gun was found in the inventory search before the automobile was
towed.  See, e.g.,  South Dakota v. Opperman, 428 U.S. 364
(1976).  Issue No. 1  is overruled.

 Sufficiency of Evidence

In
reviewing appellant=s
claim that the evidence was Alegally insufficient,@ we are guided by the test stated in Jackson v. Virginia, 443 U.S. 307,
318 (1979).  Also, we note that the
trial court was Athe exclusive judge@ of the facts proved and of the weight to be
given to the testimony.  As fact finder,
the trial court had the power to resolve the conflicts in the testimony.  See, e.g., Adelman v. State, 828 S.W.2d
418, 421 (Tex.Cr.App.1992).  The proof
showed that appellant owned and operated the car in which the loaded gun was
found and that the gun was readily accessible to where appellant was sitting at
the time of his arrest.  This evidence
was Alegally sufficient@ to permit a rational fact finder to find
beyond a reasonable doubt that appellant was in possession of the gun.  Issue No. 2 is overruled.

 This Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

April 3, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[6]












[1]TEX. PENAL CODE ANN. '
46.04 (a) (Vernon 2003) provides that a person who has been convicted of a
felony commits an offense if that person possesses a firearm after conviction
and before the fifth anniversary of the person=s
release from confinement or supervision. 
The offense is a felony of the third degree.





[2]TEX. TRANSP. CODE ANN. '
547.611 (Vernon 1999) provides in subsection (a) that: AA motor vehicle may be equipped with video receiving
equipment, including a television and similar equipment, only if the
equipment is located so that the video display is not visible from the operator=s seat.@  (Emphasis
added) 





[3]We need not discuss the statement which Officer Starks
took from appellant because the trial court suppressed that statement.  We also need not discuss whether the
hydraulic system was being operated and whether there was also a violation of
TEX. TRANSP. CODE ANN. ' 547.305 (Restrictions on Use of Lights) (Vernon Supp.
2003) because the trial court=s ruling was
based on the television set which was being operated within the view of
appellant while he was the driver of the car. 





[4]As noted in Footnote No. 3, we need not discuss this
officer=s testimony about appellant=s operation of the hydraulic system on his car (which
could have caused a violation of Section 547.305) because the testimony about
the television set was the basis of the trial court=s ruling on the motion to suppress.





[5]As noted in Footnote No. 3, we need not discuss the
testimony about the written statement which appellant signed.





[6]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.