Affirmed and Memorandum Opinion filed April 13, 2004









Affirmed and Memorandum Opinion
filed April 13, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00497-CR

_______________

 

CONNIE LEE NEVELS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 919,119

                                                                                                                                                

 

M E M O R A N D
U M   O P I N I O N

A jury found appellant, Connie Lee Nevels, guilty of
aggravated robbery.  His sole issue on
appeal is that the trial court erred in denying his motion to suppress a
videotaped lineup and any testimony relating to the lineup because they were
procured as a result of an illegal arrest, and his conviction should be
reversed.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








Background

On July 15, 2002, Shelby Haizlip was in the parking garage of
his apartment complex when he was approached by two men.  One of the men produced a handgun and
demanded Haizlip=s wallet and car keys; then the two men drove away in his
car.  Haizlip reported the incident to
the police.

On July 19, 2002, while on patrol, a Houston Police officer
drove past Haizlip=s car and entered the license plate number into the patrol
car computer.  Two police databases, the
National Crime Information Center (NCIC) and Texas Crime Information Center
(TCIC), indicated the car had been stolen in a robbery.  The officer decided to stop the car, but
while he was looking down at the incoming NCIC and TCIC reports, he lost sight
of the car when the driver turned without stopping at a stop sign.  Approximately thirty minutes later, the
officer observed the car again and stopped it. 
Upon approaching the vehicle, the officer observed appellant in the
driver=s seat and a passenger inside the
car.  A towel was draped over the
steering wheel.  The officer requested
appellant and the passenger to step out of the car, and he handcuffed and
placed them in separate patrol cars for questioning.  During questioning, the two men gave the
officer conflicting statements regarding the true owner of the vehicle.  Meanwhile, the officer obtained a description
of the men who had robbed Haizlip, and he thought that appellant and the
passenger had similar characteristics. 
Thereafter, appellant was arrested, taken to jail and placed in a
videotaped lineup with five other individuals. 
After the lineup, appellant was interviewed and released.  Haizlip later viewed the videotaped lineup
and identified appellant as one of the men who robbed him. 

Discussion








In his sole issue, appellant claims the trial court erred in
denying his motion to suppress the videotaped lineup and related testimony
because the officer had no probable cause to arrest him.  We review a trial court=s ruling on a motion to suppress for
an abuse of discretion.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999). 
In a suppression hearing, the trial court is the sole trier of fact as
well as the judge of the credibility of witnesses and the weight to be given
their testimony.  State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
We afford almost total deference to the trial court=s ruling on application of law to
fact questions if the resolution of those questions turns on an evaluation of
credibility and demeanor.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We review determinations of reasonable
suspicion and probable cause de novo pertaining to the facts.  Id. at 87. 

An officer may make a warrantless arrest when (1) probable
cause for the arrest exists, and (2) the arrest falls within one of the
statutory exceptions to the warrant requirement.   Stull v. State, 772 S.W.2d 449, 451B52 (Tex. Crim. App. 1989); see Tex. Code Crim. Proc. Ann. art. 14.01B.04 (Vernon 1977).  The first requirement for a warrantless
arrest, the existence of probable cause, is present when at the moment of
arrest, the facts and circumstances within the officer=s knowledge and of which the officer
had reasonably trustworthy information would warrant a prudent person in believing
that the arrested person had committed or was committing a crime.  Id. 

One of the statutory exceptions to the arrest warrant
requirement as set forth in article 14.01, provides that a peace officer may
arrest an offender without a warrant for any offense committed in his
presence.  Tex. Code Crim. Proc. Ann. art. 14.01.  As the reviewing court, we consider the
totality of the circumstances to determine whether the facts were sufficient to
give the officer probable cause to arrest the defendant.  See Guzman, 955 S.W.2d at 88. 








The arresting officer in this case knew that NCIC and TCIC
records revealed that the car driven by appellant was stolen.  An NCIC report that a car was stolen is
sufficient to support probable cause.  Brown
v. State, 986 S.W.2d 50, 52 (Tex. App.CDallas 1999, no pet.) (stating that
the court was unaware of any case that has failed to accept an NCIC report or Ahit@ of a stolen car as sufficient to
support probable cause to arrest an individual possessing it).  In addition, in this case, the arresting
officer had knowledge of several other factors that supported probable cause:
(1) the driver of the car ran a stop sign and took evasive action to avoid
police; (2) a towel was draped over the steering wheel which the officer
believed was used by appellant to avoid leaving fingerprints on the wheel; (3)
appellant and the passenger gave conflicting stories concerning the owner of
the vehicle; and (4) appellant and the passenger appeared similar to the
reported descriptions of the two robbers.   

Under the totality of the circumstances, we hold that the
facts were sufficient for the officer to believe appellant had been involved in
the reported robbery, and that he was committing the felony offense of
unauthorized use of a vehicle.  See Tex. Pen. Code Ann. ' 31.07 (Vernon 2003).  We find that the officer had  probable cause to arrest appellant.  We hold the trial court did not abuse its
discretion in denying appellant=s motion to suppress the videotaped lineup.

The judgment of the trial court is affirmed.

 

 

 

/s/        Jackson B. Smith, Jr.

Senior Justice

 

Judgment rendered
and Memorandum Opinion filed April 13, 2004.

Panel consists of
Justices Fowler, Edelman, and Smith.[1]

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Senior Justice
Jackson B. Smith, Jr. sitting by assignment.