NO. 07-06-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 25, 2007
_____

LONNIE R. WARREN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410011; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lonnie Ray Warren, pled guilty to the offense of possession of a controlled substance, methamphetamine, of less than one gram after the trial court overruled his motion to suppress. In accordance with a plea bargain, punishment was assessed at three years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

Appellant was a passenger on a motorcycle and was not wearing a helmet. Officers stopped the motorcycle for this reason. After being stopped, an officer of the Lubbock Police Department asked appellant his name. Appellant gave a name of Ollie Warren and a date of birth of "5-8 of 58." When appellant was asked his age, he stated "48" and immediately changed his answer to "49." According to the date of birth given, appellant's age was 47. Based on this information, the officer believed that appellant had given a fictitious name and age. During the interview, appellant told the officer he did not know the driver of the motorcycle but then changed his statement and indicated they did know each other. When asked if he had any identification on him, appellant replied he did not, even though the officer could see a wallet in his pants. The officer asked to see the wallet and found identification of appellant as Lonnie Warren. Appellant was then arrested for failure to identify. Upon checking this personal identification information in the computer, it was determined that appellant had an outstanding warrant. During the encounter with police, one of the officers noticed a leather strap sticking out of his pocket. The officer removed the strap and found appellant's keys and a metal container described as a medicine-like bottle attached to the strap. Inside the container was a clear plastic baggie with a white crystal substance. The substance later tested positive for methamphetamine.

Appellant filed a motion to suppress the evidence of methamphetamine claiming that the same was found pursuant to a warrantless search without probable cause. The trial court conducted a hearing on the motion to suppress and, at the conclusion of the hearing, denied the motion to suppress without issuing a written order. Appellant

subsequently pled guilty and gave notice of intent to appeal the denial of the motion to suppress.

By a single issue, appellant contends that the denial of the motion to suppress was an abuse of the trial court's discretion. Appellant's claim is based upon the contention that the continued detention of appellant after the initial stop for violation of the helmet law was not reasonable because the detention was not based upon reasonable suspicion. We disagree.

## Standard of Review

We review the action of the trial court in denying the motion to suppress under an abuse of discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). In conducting this review, we give almost total deference to the trial court's findings of historical facts, while reviewing *de novo* the application of the law to the facts. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). We must review the totality of the circumstances to ascertain whether or not the officers' detention was based upon any reasonable suspicion to conclude that appellant had committed or was about to commit an offense. See Garcia v. State, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001). Where the trial court does not enter findings of fact, as in this case, we must view the evidence in the light most favorable to the trial court's determination and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. Wiede v. State, 214 S.W.3d 17, 25 (Tex.Crim.App. 2007).

Analysis

After reviewing appellant's brief, it is clear that appellant does not contest the validity of the initial traffic stop. Neither does appellant contest the fact that the stop was initiated for a suspected violation of the helmet safety laws of the state. TEX. TRANS. CODE ANN. § 661.003 (Vernon Supp. 2006). Appellant seems to place some significance on the fact that ultimately no citation was issued for this particular offense. Appellant does not contest the observations of the officer regarding whether he was wearing a helmet or not; therefore, the fact that a ticket was not ultimately issued is of no importance in our review of the reasonableness of the officers' stop. Powell v. State, 5 S.W.3d 369, 377 (Tex.App.–Texarkana 1999, pet. ref'd) (citing Crittenden v. State, 899 S.W.2d 668, 674 (Tex.Crim.App. 1995)) (holding that an objectively valid traffic stop is not unlawful under the Texas Constitution, even though the detaining officer had an ulterior motive for making the stop).

Appellant's argument seems to be that the detaining officers went past the traffic stop and continued the detention for a period of time that rendered the continued detention unlawful. It is true that once the investigation of the traffic stop had been completed the officer could no longer lawfully detain or question appellant. Id. However, it is also true that, after an initial traffic stop, an officer is entitled to rely on all of the information obtained during the course of his contact with the citizen in developing the articulable facts that would justify a continued investigatory detention. Id. The critical inquiry becomes, did the facts available to the officer at the moment of the investigatory detention warrant a person of reasonable caution to believe that the action taken, when viewed from the officers'

4

objective position, was appropriate. <u>Davis v. State</u>, 947 S.W.2d 240, 243 (Tex.Crim.App. 1997).

To make this determination we must again look at the facts, as developed during the traffic stop. The following facts were developed by the arresting officers:

1) Appellant gave a birth date and two different ages. Neither age matched the birth date;

2) According to one officer, appellant appeared nervous;

3) Appellant initially denied knowing the person driving the motorcycle and then admitted that he, in fact, did know the driver;

4) Appellant stated affirmatively that he did not have any identification on his person and yet, after he voluntarily gave his billfold to the officers, his true identity was learned.

The record seems to be capable of two interpretations. One is that the officers found the wallet and identification before the arrest but after placing appellant in the patrol car. Another interpretation is that appellant was under arrest for some reason when the wallet was examined. In either interpretation, the officer was performing necessary duties in effectuating the initial traffic stop, specifically obtaining appellant's proper identification. Regardless of whether appellant was detained for the violation of the helmet law or under arrest, appellant committed a criminal offense by giving a false or fictitious name and date of birth. <u>See</u> TEX. PEN. CODE ANN. § 38.02(b)(1)-(2) (Vernon Supp. 2006). This is the type of conflicting testimony that the trial judge is in the best position to make a decision about. As such, we defer to his decision as the finder of fact. <u>Johnson</u>, 68 S.W.3d at 652-53. We must also infer the facts to be so found because there are no written findings of fact entered in this case. <u>Wiede</u>, 214 S.W.3d at 25. Therefore, from the totality of the facts

5

and circumstances we find that the continued detention of appellant was warranted. Garcia, 43 S.W.3d at 530.

After the investigatory detention of appellant, and during further questioning, one of the officers pulled the leather strap out of appellant's pocket. The contraband was in a container on the end of the strap. This occurred after the lead officer stated that appellant was being arrested for failure to identify. See TEX. PEN. CODE ANN. § 38.02(b)(2) (Vernon Supp. 2006). At this point, the officers could search appellant incident to a lawful arrest. State v. Ballard, 987 S.W.2d 889, 892 (Tex.Crim.App. 1999). Accordingly, we overrule appellant's contention and find that the trial court did not abuse its discretion in denying appellant's motion to suppress.

## Conclusion

Having overruled appellant's sole contention, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

6