

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00235-CR

The **STATE** of Texas,
Appellant

v.

Kimberly Crystal **STORY**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-0950-CR
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  April 17, 2013

AFFIRMED

Kimberly Crystal Story was indicted for the offense of forgery. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). Story filed a motion to suppress, alleging (1) she was arrested without a warrant, probable cause, or other lawful authority, and (2) the evidence against her was seized without a warrant, probable cause, or other lawful authority. The trial court granted the motion to suppress and made findings of fact and conclusions of law. The State appealed. We affirm.

**THE EVIDENCE**

The evidence presented at the suppression hearing showed that sheriff's deputies were dispatched to a location on River Road near Kingsbury Street in Guadalupe County, Texas, after an anonymous caller told a dispatcher that a man was being chased by a vehicle in a field. When the deputies arrived at the location, they saw a vehicle, a green Ford Explorer, parked in an open field approximately fifteen feet from the road. No one was present at the scene.

The deputies encountered a man, walking alone on nearby Kingsbury Street. The man was identified as James Kuykendall. The deputies also encountered Story, who lived across the street from the field where the vehicle was located. Story appeared at the scene, but how or when she appeared was unclear. When deputies asked Kuykendall and Story about the vehicle in the field, they told the deputies they had been in the vehicle, they had had an argument, Kuykendall had exited the vehicle, and Story had followed behind Kuykendall in the vehicle, trying to get him to get back into the vehicle. Story was arrested, without a warrant, for a misdemeanor assault.

One of the deputies went into the field where the vehicle was located, looked in the window, and saw what he believed to be marijuana on the passenger floorboard. When asked about the suspected marijuana, Kuykendall admitted it belonged to him and was arrested at the scene. The deputies then entered the vehicle and seized the suspected marijuana. The deputies searched the entire passenger compartment of the vehicle. During this search, deputies found numerous checks spread out on the back seat of the vehicle. The checks were for the Guadalupe County Youth Livestock Show. Some of the checks were made out to Story; other checks were blank. The deputies seized the checks. The checks found in the vehicle led to Story's indictment for the offense of forgery.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial court made the following findings of fact: (1) on November 7, 2010, the sheriff's department received an anonymous call that "there was a vehicle in the field that was chasing a male as if [it was] trying to run him over;" (2) when the deputies arrived on the scene no one was present; (3) Kuykendall was located elsewhere and brought back to the scene by a deputy; (4) Story was at the scene; (5) Kuykendall and Story told the deputies that nothing had happened and they were only having some kind of argument; (6) Kuykendall and Story resumed their argument because the deputy brought Kuykendall back to the scene; (7) there was no emergency; no one was in danger; the community did not need any caretaking; (8) a deputy went into the field where the Explorer was located and looked inside the vehicle; (10) the deputy did not ask anyone for permission to enter the field or to look into the vehicle; (11) the deputy had no reason to look into the vehicle; (12) Story was in custody for assault-family violence; and (13) Story owned the vehicle.[1]

The trial court made the following conclusions of law: (1) Story was arrested for assault without probable cause; (2) the deputy trespassed when he went into the field and looked into the window of the vehicle; (3) the seizure of the marijuana and the checks was illegal; and (4) the seizure of the checks without a warrant was illegal.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). We review a suppression ruling under a bifurcated standard of review. *Valtierra v. State*,

---

[1]This is a partial listing of the trial court's findings of fact. The trial court's remaining findings of fact have been omitted because they are not necessary to the issues presented in this appeal.

310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of historical facts. *Id*. The trial court is the sole trier of fact and the credibility of the witnesses and the weight to be given their testimony. *Id*. Because the trial court has the opportunity to observe the witness's demeanor and appearance, it is entitled to disbelieve all or part of the witness's testimony—even if that testimony is uncontroverted. *Id*. When, as here, the trial court makes express findings of fact, we view the evidence in the light most favorable to its ruling and determine whether the evidence supports these factual findings. *Id*. "The prevailing party is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011). Second, we review the trial court's application of the law of search and seizure to the facts de novo. *Valtierra*, 310 S.W.3d at 447. We sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id*. at 447–48.

### MOTION TO SUPPRESS

The Fourth Amendment protects individuals against unreasonable searches and seizures. *Id.* at 448. Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject to only a few specifically established and well-delineated exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

In Texas, warrantless arrests are authorized only in limited circumstances. *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005). The three most common circumstances include (1) when an offense is committed in the officer's presence; (2) when a person is found in a suspicious place and under circumstances which reasonably show that the person is guilty of some felony; and (3) when it is shown that a felony has been committed and the offender is about to escape. *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991); *see* TEX. CODE CRIM.

PROC. ANN. art. 14.01(b) (West 2005); TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1) (West Supp. 2012); *see* TEX. CODE CRIM. PROC. ANN. art. 14.04 (West 2005). These circumstances require the legal equivalent of constitutional probable cause. *Amores*, 816 S.W.2d at 413. The burden of proof is on the State to prove the existence of probable cause to justify a warrantless arrest. *Id*.

Probable cause for an arrest exists where, at that moment, facts and circumstances within the knowledge of the officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing an offense. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). Once an officer has probable cause to arrest, he may search the passenger compartment of a vehicle as a search incident to that arrest. *Id*.; *see also Gant*, 556 U.S. at 338 ("Among the exceptions to the warrant requirement is a search incident to a *lawful* arrest.") (emphasis added). It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to arrest before the search. *Ballard*, 987 S.W.2d at 892.

The fruit of the poisonous tree doctrine prevents the use of direct and indirect evidence obtained by the government pursuant to an unlawful arrest. *State v. Iduarte*, 268 S.W.3d 544, 550 (Tex. Crim. App. 2008). Evidence does not require exclusion, however, merely because it would not have been discovered "but for" the primary violation. *Id*. (citing *Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963)). Rather, the question in such a case is whether the evidence has been obtained by exploitation of that illegality, or by means sufficiently distinguishable to be purged of the primary taint. *Id*. at 550–51 (citing *Wong Sun*, 371 U.S. at 488).

In its first issue, the State argues the trial court abused its discretion in granting Story's motion to suppress because the deputies validly seized evidence of a crime in plain view while they were engaged in a valid vehicle search incident to arrest. The State focuses on the search of

the passenger compartment of the vehicle without addressing the legality of Story's arrest for a misdemeanor assault. The trial court, however, concluded that Story's arrest was unlawful because it was made without probable cause. The trial court further concluded that the seizure of the marijuana and the checks in the vehicle was illegal because it was the fruit of a search undertaken pursuant to an unlawful arrest. The State does not directly challenge these legal conclusions on appeal.

We conclude the trial court's suppression ruling is reasonably supported by the record and is correct on a theory of law applicable to this case. *See Valtierra*, 310 S.W.3d at 447–48. The evidence supports the trial court's conclusion that Story's arrest for misdemeanor assault was unlawful because it was made without probable cause. At the time of Story's arrest, the facts and circumstances within the deputies' knowledge and of which they had reasonably trustworthy information were not sufficient to warrant the belief that Story had committed or was committing an offense. When viewed in the light most favorable to the trial court's ruling, the evidence shows that Story and Kuykendall were only having an argument. The report from an anonymous caller asserting that "a vehicle in the field [] was chasing a male as if [it was] trying to run him over" was not sufficient to supply the required probable cause. *See Amores*, 816 S.W.2d at 414–15 (concluding information from an anonymous caller combined with other information did not rise to the level of probable cause required for a warrantless arrest).

The evidence further shows that Story's arrest did not fall under any of the most common circumstances authorizing a warrantless arrest: the offense was not committed in the presence of a deputy; Story was not found in a suspicious place and under circumstances which reasonably show she was guilty of some felony; and Story did not commit a felony and was not in danger of escaping. *See id*. at 413 (identifying the three most common circumstances authorizing a warrantless arrest). In fact, the State does not even argue that Story's warrantless arrest was

lawful. We conclude the trial court did not abuse its discretion in concluding that Story's arrest was unlawful.

Instead of addressing the matter of Story's unlawful arrest, the State argues the deputies obtained the checks lawfully in a search incident to Kuykendall's arrest. We find this argument unconvincing. The evidence supports the conclusion that the checks were obtained by exploiting Story's unlawful arrest. Because the checks were obtained by exploiting Story's unlawful arrest, the fruit of the poisonous tree doctrine precluded their use at trial. *See Wong Sun*, 371 U.S. at 487–88; *Iduarte*, 268 S.W.3d at 550–51. The State's first issue is overruled.

## STANDING TO CHALLENGE THE VEHICLE SEARCH

In its second issue, the State argues Story lacked standing to challenge the search of the vehicle. Generally, a defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must first show that he personally had a reasonable expectation of privacy that the government invaded. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). To carry this burden, a defendant must usually prove an actual subjective expectation of privacy and circumstances under which society was prepared to recognize his subjective expectation as objectively reasonable. *Villarreal v. State*, 935 S.W.3d 134, 138 (Tex. Crim. App. 1996). These factors are relevant to a court's determination of whether the subjective expectation was one that society was prepared to recognize as objectively reasonable: (1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy. *Id*. Although we defer to the trial court's factual

findings and view them in the light most favorable to the trial court's ruling, we review the legal issue of standing de novo. *Kothe*, 152 S.W.3d at 59.

At the suppression hearing, Story presented no witnesses. The State, however, presented two witnesses: deputies who were present during Story's arrest and the search of the vehicle. During cross-examination by Story's counsel, one deputy was asked if police reports reflected that Story was the owner of the vehicle. The deputy replied, "I'm sure it probably does because we have to put it in the report…" The State did not attempt to correct this testimony on re-direct examination. Nor did the State offer evidence to contradict the deputy's testimony. In addition, the undisputed evidence showed Story had been driving the vehicle recently, and the vehicle was parked across the street from Story's residence in a private field. We conclude this evidence was sufficient to show Story's property or possessory right to the vehicle and to establish her standing to challenge the legality of the search.

But even if the evidence was not sufficient to show Story's property or possessory right to the vehicle, we would still overrule this issue. The question of Story's standing was transcended by her unlawful arrest. *See Kothe*, 152 S.W.3d at 60–61 (concluding that even when a defendant had no standing to complain about a search and seizure conducted against a third party, the issue was transcended by the defendant's earlier illegal detention). In other words, all of the evidence seized by the deputies, including the checks, was tainted because it was obtained during Story's unlawful arrest. *See id*. The State's second issue is overruled.

## CONCLUSION

The trial court's order granting the motion to suppress is affirmed.

Karen Angelini, Justice

Do not publish