Opinion issued November 6, 2003




    









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01068-CR




TOMMY SANCHEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 913572




MEMORANDUM OPINION

          After the trial court denied his motion to suppress evidence, appellant, Tommy
Sanchez, entered a plea of no contest to possession of less than one gram of cocaine. 
The trial court assessed punishment at confinement for two years in state jail,
suspended the sentence, and placed appellant on community supervision for four
years. We determine whether the cocaine seized was the product of an illegal search. 
We affirm.Background
          Henry Sanchez, appellant’s father, lived at appellant’s house. Henry was on
community supervision for aggravated sexual assault of a child. Pasadena Police
Officers obtained an arrest warrant for Henry for violating one of the conditions of
his community supervision. 
          On May 29, 2002, appellant returned to his home and found police officers
there with his father. The officers told appellant of the arrest warrant for his father
and asked appellant for written consent to search his home because they thought that
Henry possessed child pornography inside of the home. Appellant hesitated before
giving his consent, and he told the officers of the possibility of the presence of a small
amount of marijuana in the house. The officers told appellant that they had discretion
to overlook small amounts of marijuana and that he should not be concerned about
a joint, seeds, stems, or other unusable amounts of marijuana in the house. Both
appellant and his father then signed the consent form.
 
          The officers searched the entire house for child pornography. When they
searched appellant’s room, they found a canister of marijuana in a black bag beside
appellant’s bed. After the officers saw cocaine in plain view on a dresser and found
cocaine residue in a clear plastic bag inside a vase in appellant’s bedroom, the
officers arrested appellant for possession of cocaine.
Search
          In his sole point of error, appellant contends that the trial court erred in
overruling his motion to suppress because the search of his home was illegal under
the Fourth Amendment. See U.S. Const. amend. IV.
          A trial court’s ruling on a motion to suppress evidence will not be set aside
absent an abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999). The trial court is the only trier of fact and judge of witnesses’ credibility and
testimony in a suppression hearing. State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999). In determining whether the law was applied correctly to the facts,
an appellate court must review the evidence in the light most favorable to the trial
court’s ruling and review the legal conclusions de novo. See Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
          On a motion to suppress evidence, the accused bears the burden of rebutting
the presumption that police conduct was proper. See Russell v. State, 717 S.W.2d 7,
9 (Tex. Crim. App. 1986). The accused rebuts this presumption by showing that the
search or seizure occurred without a warrant. See Johnson v. State, 864 S.W.2d 708,
714 (Tex. App.—Dallas 1993), aff’d, 912 S.W.2d 227 (Tex. Crim. App. 1995). If the
State conducted a search without a warrant, the State must prove that the warrantless
search or seizure was reasonable. See Russell, 717 S.W.2d at 9-10. 
          The Fourth Amendment’s protection may be waived by the established
exception of a search conducted pursuant to consent. See Schneckloth v. Bustamonte,
412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973). Before consent to search is
deemed effective, evidence that the consent was freely and voluntarily given must be
proved by clear and convincing evidence. Meeks v. State, 692 S.W.2d 504, 509 (Tex.
Crim. App. 1985).  
          To admit evidence obtained in a consent search, a trial court must find from the
totality of the circumstances that the defendant’s consent to an officer’s search was
voluntary. State v. Hunter, 102 S.W.3d 306, 311 (Tex. App.—Fort Worth 2003, no
pet.). The consent must be “positive and unequivocal,” or freely and intelligently
given, and not contaminated by any duress or coercion. Peterson v. State, 857 S.W.2d
927, 932 (Tex. App.—Houston [1st Dist.] 1993, no pet.). The consent can be neither
physically nor psychologically coerced. Meeks, 692 S.W. 2d at 509. Lastly, we must
consider whether the police threatened to seek or to obtain a search warrant and the
maturity, sophistication, and mental or emotional state of the consenter. Zepeda v.
State, 638 S.W.2d 542, 546 (Tex. App.— Houston [1st Dist.] 1982, no pet.).              
          There is no evidence that appellant’s consent to the search was not freely and
voluntarily given. Pasadena Police Officers came to appellant’s house with an arrest
warrant for appellant’s father. Appellant’s father allowed the officers to enter the
house and to wait for appellant to return home. The officers did not suspect that
appellant had committed any crimes. The officers asked appellant for permission to
search his house for evidence of child pornography because they suspected that
appellant’s father had violated his community-supervision conditions. Appellant, as
the owner of the house, had the authority to, and did, give consent to search his home. 
See Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S. Ct. 2793, 2797 (1990) (asserting
that the owner of a home can give consent to search it). Before consenting to the
search, appellant notified the officers of the possibility of the presence of a small
amount of marijuana in the house. The officers told appellant that they had discretion
to overlook unusable amounts of marijuana, such as stems or seeds. However, the
officers never promised appellant that they would overlook any quantity of cocaine. 
Appellant then signed the consent form. 
          There is nothing in the record to suggest that the officers at any time threatened
appellant or used any manner of physical force or intimidation to convince appellant
to sign the consent form. Officer Wright, who was present at appellant’s home during
the search, testified that appellant was never handcuffed and that none of the officers
pulled a gun on appellant. The express language in the consent form also notified
appellant of his right to refuse to give consent. There was thus evidence to support the
trial court’s implicit conclusion that appellant’s consent was not procured by threats,
physical violence, or false promises.
          Appellant asserts in his brief that he signed a blank consent form and that the
officers probably searched his house before he arrived. There is no evidence in the
record to support either of these claims. Officer Wright stated that he and the other
officers arrived at appellant’s home approximately 15 or 20 minutes before appellant
did and that the officers and appellant’s father waited in the front living area of the
house. Appellant acknowledged that he had a 12th-grade education, that he could
read and write, and that he signed the consent form so that they could “move on” and
deal with his father’s case. Appellant never presented any evidence that the consent
form was blank or that the officers conducted a search prior to appellant’s arrival at
his house. 
          Appellant further contends that containers in his room should not have been
searched. However, the consent-to-search form covered the entire house, and the
officers were looking for any type of pornographic material, including photographic
negatives. Therefore, it was reasonable for the officers to search appellant’s bedroom
and any containers that could hold evidence. See United States v. Ross, 456 U.S. 798,
820-21, 102 S. Ct. 2157, 2170-71 (1982) (asserting that when police are conducting
a valid search within a residence, containers that may hold evidence may be searched). 
Appellant followed the officers during the search of the house, including his bedroom,
and he did not indicate at any time that he wanted the search to stop.
          We hold that the trial court did not abuse its discretion in overruling the motion
to suppress evidence because, viewing the totality of the circumstances, the evidence
was sufficient to support the trial court’s finding that appellant voluntarily consented
to the search of his house. 
          We overrule appellant’s sole point of error.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Tim Taft,
                                                                        Justice
 
Panel consists of Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).