NO. 07-03-0053-CR
NO. 07-03-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 23, 2003

_____

JEREMY SHANE HOSKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 83208 & 83209; HONORABLE LARRY GIST, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to pleas of guilty following the denial of his motion to suppress evidence,

appellant Jeremy Shane Hoskins was convicted in cause number 83208 of possession of

a controlled substance, and in cause number 83209 of possession of a controlled

substance. Without an agreed recommendation, punishment was assessed at 15 years confinement. Presenting a sole point of error, appellant asserts the trial court abused its discretion in denying his motion to suppress evidence. Based upon the rationale expressed herein, we affirm.

On September 20, 2002, appellant was stopped for speeding by Mike Mills, a Beaumont Police Officer working in drug interdiction. When asked for identification, appellant produced a Louisiana document apparently given instead of a citation and issued in the name of Luther Wood. While appellant was explaining to Officer Mills that he was coming from Houston where he had visited friends, Mills's partner noticed what appeared to be a driver's license in the center console of appellant's vehicle. According to Mills, at that time appellant became nervous and his lips began to quiver. Mills then asked appellant for consent to search the vehicle which he gave. A search of the passenger compartment revealed a driver's license bearing appellant's name and photo. Mills proceeded to search under the hood of the vehicle where he discovered duct-taped bundles inside the front fenders containing large quantities of Valium, Xanax, and Nubain, all controlled substances. Appellant was arrested and handcuffed.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). We apply a bifurcated standard of review giving almost total deference to the court's determination of historical facts and reviewing *de novo* its application of the law of search and seizure to those facts. State v.

Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000). The evidence should be viewed in the light most favorable to the court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). In a suppression hearing the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id*. at 855.

Appellant's sole point contention is abuse of discretion by the trial court in denying his motion to suppress because (1) there were no articulable facts supporting his detention after the initial purpose of the stop was complete, and (2) the State failed to prove his consent to search was voluntary. We disagree. Officer Mills testified that when appellant was asked about the driver's license in the console of the vehicle, he became nervous, had quivering lips, and avoided eye contact with him. Nervous, evasive behavior is a factor to consider in determining reasonable suspicion for a *Terry* stop.[1] Balentine v. State, 71 S.W.3d 763, 769 (Tex.Cr.App. 2002) citing Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Given the totality of the circumstances, appellant's behavior and the fact that he was in possession of a Louisiana document bearing another individual's name constituted articulable facts upon which Mills could have concluded that appellant was engaged in criminal activity.

Officer Mills testified that when he asked appellant for consent to search the vehicle, appellant replied he had "no problem." Appellant testified that when he gave

---

[1]Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

consent to search, he assumed only the inside of the vehicle would be subject to search. He added that only after the contraband was discovered did he ask the officers to discontinue the search.

Voluntariness to search is a question of fact to be determined from all the circumstances. Ohio v. Robinette, 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996); Carmouche v. State, 10 S.W.3d 323, 331 (Tex.Cr.App. 2000). When the State relies on consent to search, the burden is on the prosecution to prove by clear and convincing evidence that the consent was freely and voluntarily given. Reasor v. State, 12 S.W.3d 813, 818 (Tex.Cr.App. 2000). Further, when the scope of the search is disputed, it is measured by objective reasonableness, *i.e.*, what the typical reasonable person would have understood by the exchange between the officer and the suspect. Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); Simpson v. State, 29 S.W.3d 324, 329 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd). Although both Mills and appellant testified that appellant was not informed he did not have to consent to the search, such warning is not required nor essential. Meeks v. State, 692 S.W.2d 504, 510 (Tex.Cr.App. 1985). Further, an officer's failure to give such a warning is only probative on the issue of voluntariness, not determinative. *Id*.

Unless an officer's request or a suspect's consent limits a search to a particular area of a vehicle, the search reasonably includes all areas of the vehicle and excludes none. *Simpson*, 29 S.W.3d at 330. In the instant case, neither Mills's request nor

4

appellant's consent limited the scope of the search. Appellant mistakenly assumed only the inside of the vehicle would be searched. Based on the evidence presented at the hearing, we conclude the State established appellant's consent to the search by clear and convincing evidence. A search following a legitimate traffic stop carried out with a suspect's consent is reasonable under the Fourth Amendment. Armendariz v. State, No. 0070-02, 2003 Tex.Cr.App. LEXIS 924, at * 7 (Tex.Cr.App. Dec. 10, 2003). Thus, the trial court did not abuse its discretion in denying the motion to suppress. Appellant's sole point of error is overruled.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.

5