Affirmed and Opinion filed _____________, 2003
















Affirmed and Memorandum
Opinion filed March 16, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00442-CR

____________

 

MARCUS TREMAYNE
POWERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 174th District Court

Harris County,
Texas

Trial Court Cause
No. 935,816




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant Marcus Powers appeals the
trial court’s denial of his motion to suppress evidence obtained from a traffic
stop on January 10, 2003.  Following the denial of his motion, appellant
waived a jury and entered a plea of guilty to the charged offense of possession
of a controlled substance, namely phencyclidine.  The trial court deferred an adjudication of
appellant’s guilt, and he was placed under community supervision for two
years.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion.  See
Tex. R. App. P. 47.1.  We affirm.

            In his first issue, appellant argues
the trial court erred in denying his motion to suppress because the State
failed to establish probable cause to arrest him.  The State counters by contending appellant
failed to preserve this alleged error for appellate review.  We agree with the State’s contention.

            A motion to suppress is nothing more
than a specialized objection to the admission of evidence. See Martinez v. State, 17 S.W.3d 677, 682-83 (Tex. Crim. App.
2002).  To preserve error, a request,
objection or motion must state the grounds therefor with sufficient specificity
to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a). 
If the objection made in the trial court differs from the complaint made
on appeal, the defendant has failed to preserve error for review. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

            In the present case, the record
reveals appellant’s motion to suppress, as well as the suppression hearing, was
limited to the issue of the legality of the stop.  No evidence or argument was presented
relating to the legality of the arrest. 
Because appellant now advances arguments concerning the arrest which he
failed to make in either his motion or the suppression hearing, we hold
appellant did not preserve this issue for appellate review.  Appellant’s first issue is overruled.

            In his second issue, appellant argues
the evidence presented at the suppression hearing failed to establish the
legality of the stop.  We disagree.  A trial court’s decision on a motion to
suppress will be upheld if it is correct on any theory of law applicable to the
case. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990).  An
officer who observes a traffic violation may lawfully stop a motorist. Carmouche v. State, 10 S.W.3d 323,
328-29 (Tex.
Crim. App. 2002).

In the present case, Officer Emanuel Pierson of the Houston
Police Department testified he observed the vehicle driven by appellant make a
right-hand turn off of Sunflower
 Street into the left northbound lane on Cullen Street
.  Officer Pierson believed this conduct to be
in violation of Section 545.101(a) of the Texas Transportation Code.[1]  While appellant testified he turned directly
into the right lane on Cullen
 Street
, the conflict between his testimony and Officer
Pierson’s testimony does not require reversal. 
In a suppression hearing, the trial court is the sole trier of fact, as
well as the judge of the credibility of the witnesses and the weight to be
given to their testimony. State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  We must defer to the determinations made by
the trier of fact concerning the weight and credibility to be given the
contradictory evidence presented at the suppression hearing. See Johnson v. State, 23 S.W.3d 1, 8-9 (Tex. Crim. App.
2000).  Accordingly, appellant’s second
issue is overruled.

The judgment is affirmed.

 

                                                                                    

                                                                        /s/        Paul C. Murphy

                                                                                    Senior
Chief Justice

 

Judgment rendered and Memorandum Opinion
filed March 16, 2004.

Panel consists of Justices Anderson, Seymore,
and Murphy.*

Do Not Publish –– Tex. R. App. P. 47.2(b).

 

 











[1] That
section provides: “To make a right turn at an intersection, an operator shall
make both the approach and the turn as closely as practicable to the right-hand
curb or edge of the roadway.”





* Senior Chief
Justice Paul C. Murphy sitting by assignment.