IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0998-04






MARK WILSON GLAZNER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., delivered the opinion of the Court, in which Keller, P.J., Price,
Keasler, Hervey, Holcomb and Cochran, JJ., joined. Womack, J., concurred. Meyers,
J., filed a dissenting opinion.


O P I N I O N 






 While on routine patrol, Harris County Sheriff's Deputy Lee Martin noticed that appellant
was operating a motor vehicle on a public road with expired registration, in violation of Tex.
Transp. Code §502.002(a)(1). Failure to properly register a motor vehicle is a misdemeanor offense
punishable by fine. Tex. Transp. Code §502.401(c). When appellant stopped at a convenience
store, Deputy Martin also stopped. When appellant returned to his truck, Deputy Martin approached
appellant, advised him that his registration was expired, and asked him for his driver's license and
proof of insurance. Appellant produced a valid license but, in violation of Tex. Transp. Code §
601.071, he did not have liability insurance. Failure to maintain the minimum amount of liability
insurance is a misdemeanor offense punishable by fine, confinement in county jail, or both. Tex.
Transp. Code § 601.008. 

 During their conversation, Deputy Martin noticed a clip on appellant's pocket that he
suspected was connected to a knife and so he conducted a pat-down search of appellant for safety
purposes. The clip was, in fact, connected to a pocket knife, but no other weapons were discovered.
After taking possession of appellant's pocket knife, which was of legal length, Deputy Martin
opened the door of appellant's truck and put the knife on the front seat. He testified that it was his
habit to do so to keep all weapons away from a detainee during a stop and to ensure that any property
that was temporarily seized during an encounter was returned to the detainee when the detention
ended. He further testified that opening the door was not an effort to detect criminal activity. 

 When Deputy Martin opened the door, he smelled a strong odor of marijuana. Deputy Martin
then asked appellant whether there was any more marijuana in the truck, and appellant admitted that
there were "roaches in the ashtray." Deputy Martin then searched the passenger compartment of
appellant's truck, saw the roaches in the ashtray, and discovered additional marijuana in the console
and on the floor. Following standard department procedure, he then handcuffed appellant and placed
him in the back seat of the patrol car before collecting the evidence.

 Appellant plead guilty to misdemeanor possession of marijuana pursuant to a plea agreement,
but appealed the trial court's denial of his motion to suppress evidence. Applying the rationale
outlined in Michigan v. Long, 463 U.S. 1032 (1983), and Carmouche v. State, 10 S.W.3d 323 (Tex.
Crim. App. 2000), the court of appeals held that Deputy Martin acted reasonably based on the facts
known to him at the time he conducted the warrantless search and affirmed the judgment and
sentence. Glazner v. State, 2004 Tex. App. LEXIS 4749, No. 01-03-00396-CR (Tex. App. -
Houston [1st Dist.], delivered May 27, 2004, unpublished). Appellant petitioned this Court for
discretionary review. We granted review on two grounds. (1) We affirm.

LEGALITY OF SEARCH OF APPELLANT'S PERSON

 Appellant contends in his first ground for review that Deputy Martin lacked the level of
suspicion necessary to justify a protective search of appellant's truck in light of Long. Appellant
does not directly challenge the action of Deputy Martin in removing the pocket knife, but his brief
characterizes the search which produced the knife as illegal and argues that opening the truck door
to deposit the knife constituted an illegal search that violated appellant's expectation of privacy in
the truck's interior. Although appellant characterizes the search of his truck as "protective" and
invokes Terry v. Ohio, 392 U.S. 1 (1968), the record shows that this was not a Terry stop or search. 
Unlike the police officer in Terry, Deputy Martin had probable cause to arrest appellant for
violations of the transportation code before he conducted the search of appellant's person, and the
search of the truck followed an admission by appellant that there was contraband in it. While Terry
does not apply directly, it is instructive in considering the merits of appellant's complaints. 
Although appellant challenges only the search of his truck, we address the search of his person
because it led to the challenged search. 

 In Florida v. Bostick, 501 U.S. 429, 434 (1991), the United States Supreme Court held that
an officer has the authority, even in the absence of suspicion, to ask general questions of a subject.
Although the line of questioning must be reasonably related to the purpose of the contact, a police
officer is permitted to broaden the line of questioning beyond the scope of the original subject matter
if he or she notices additional suspicious factors. United States v. Sharpe, 470 U.S. 675, 687 (1985).

 A pat-down search is permitted if the police officer can "point to specific and articulable
facts, which, taken with rational inferences from those facts, reasonably warrant the intrusion." 
O'Hara v. State, 27 S.W.3d 548, 550-51 (Tex. Crim. App. 2000)(quoting Terry, 392 U.S. at 21). 
Moreover, there is no requirement that a police officer feel personally threatened or be "absolutely
certain" that the suspect is armed in order to conduct a pat-down search. Id. at 551. See also
Pennsylvania v. Mimms, 434 U.S. 106 (1977)(subject stopped for traffic violations and ordered out
of car; police frisked driver after seeing a large bulge under driver's jacket). "The issue is whether
a reasonably prudent man in the circumstances would be warranted in the belief that his or her safety
or that of others was in danger." Terry at 27.

 Deputy Martin indicated that he did not immediately perceive appellant to be a threat, (2) but
that he believed, based on observation and experience, that appellant had a knife. The pat-down
search in this case was justified because Deputy Martin reasonably concluded that appellant might
be armed. 

LEGALITY OF SEARCH OF APPELLANT'S VEHICLE

 Appellant places significant weight on the sequence of events during this encounter and
whether Deputy Martin patted appellant down before opening the truck door. However, it is not
relevant whether the search of the truck occurred before or after appellant's arrest, as long as
probable cause existed before the search. "Once an officer determines that there is probable cause
to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence
by searching the entire passenger compartment." Thornton v. United States, 541 U.S. 615, 623
(2004). See also State v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). 

 The record indicates that Deputy Martin had probable cause to arrest appellant for traffic
violations before searching either the appellant or his truck. He testified that his intent in opening
the truck door was not to engage in a prohibited fishing expedition to uncover additional criminal
activity, but only to place the knife in the front seat away from appellant. (3) When Deputy Martin
opened the door of appellant's truck and smelled marijuana, he acquired reasonable suspicion to
continue detaining appellant because he, at that point, reasonably believed that appellant was or had
been engaged in criminal activity. Davis, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997)(citing
Crockett v. State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)). Deputy Martin's actions were
consistent with an investigatory encounter and were justified by reasonable and articulable suspicion. 
Appellant's admission that there was a prohibited substance in the truck created a separate
justification for a search of it. 

 We find that the initial entry by Deputy Martin into appellant's truck was not a search and
that the subsequent search of appellant's truck was supported by probable cause and was proper. We
overrule appellant's first ground for review.

STANDARD OF REVIEW

 Appellant contends in his second ground for review that the court of appeals applied an
incorrect standard when it reviewed appellant's claim that the marijuana was seized during an illegal
search that violated the protections of the Fourth Amendment to the United States Constitution. 

 The Fourth Amendment is not designed to prevent all contact between citizens and police
officers or all searches; it is meant to "prevent arbitrary and oppressive interference by enforcement
officials with the privacy and personal security of individuals." (4) That is, it is designed to protect
citizens, not from all governmental intrusion, but from unreasonable governmental intrusion. Terry
at 9 (emphasis added). Under Terry, a search is reasonable if (1) the police officer's action was
justified at its inception and (2) was reasonably related to the circumstances that justified the
interference in the first place. Terry at 19-20. 

 The court of appeals stated that "an officer may conduct a limited search for weapons of a
suspect's outer clothing, even in the absence of probable cause, where an officer reasonably believes
that a suspect is armed and dangerous." Glazner, 2004 Tex. App. LEXIS 4749 at *4. This standard
comports with Terry and Thornton. The court of appeals then evaluated Deputy Martin's actions
using this objective standard and concluded that he was justified in disarming appellant for safety
reasons and that the subsequent truck search "was not beyond the scope of the investigative stop."
Id. at *6. 

 The court of appeals used the correct standard and applied it properly. We overrule
appellant's second ground for review. 

 We affirm the judgment of the court of appeals.


Johnson, J.

En banc

Delivered: October 19, 2005 

Publish 

1. (1) "Whether an officer's discovery of a legal pocket knife during a patdown search justifies a protective
search of the suspect's vehicle pursuant to Michigan v. Long in the absence of any other specific or articulable
facts;" (2) "Whether the Court of Appeals failed to apply the appropriate standard to review appellant's Fourth
Amendment suppression issue."
2. Deputy Martin admitted upon further questioning that, while he did not feel threatened by appellant at the
outset of the encounter, he was uncertain of appellant's intentions because "I just met the guy."
3. Appellant also refers this Court to a video surveillance tape from the convenience store in support of the
alleged constitutional violations. Appellant introduced this tape at the suppression hearing as evidence that Deputy
Martin initiated the patdown search only after opening the truck door. The state raised no objection. This Court
viewed the surveillance video and was unable to discern anything due to the poor quality of the tape. 
4. United States v. Mendenhall, 446 U.S. 544, 553-54 (1980) (citing United States v. Martinez-Fuerte, 428
U.S. 543, 554 (1976)).