NO. 07-05-0160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 10, 2006
_____

ROWDY RAY POWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15638-0408; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Rowdy Ray Powell brings this appeal to challenge his conviction for possession of methamphetamine and punishment of 180 days confinement, suspended in favor of three years community supervision and a $2,000 fine, which was not suspended. By a single issue, he questions whether the trial court abused its discretion in denying his motion to suppress because his consent to search was not voluntary. We affirm.

Trooper Jerry Johnson was the only witness to testify at the suppression hearing. He testified appellant was stopped for speeding and an expired registration sticker. Prior to running a driver's license check on appellant, Johnson notified him he would be issuing a warning for the violations. According to Johnson, after running a check, he re-approached appellant's vehicle and detected a faint odor of marihuana. He asked appellant to exit the vehicle. Appellant complied and was asked to consent to a search of the vehicle. He hesitated and indicated there was no reason to search because there was nothing illegal in the vehicle. Appellant was non-responsive to a second request, and following a third request, he replied, "go ahead."

A search of the interior of the vehicle revealed marihuana in the center console, a glass crack pipe in the rear seat, and a purple Crown Royal bag containing a white powder.[1] Appellant was placed in handcuffs for officer safety, but was informed he was not under arrest. Johnson asked appellant if he had anything illegal in his pockets, and after answering in the negative, appellant consented to a search of his pants pockets. Johnson found a fuse and unscrewed the lid to reveal a small clear plastic bag containing a white powder. A field test confirmed the powder was methamphetamine. Appellant was placed under arrest for possession of a controlled substance.

## Standard of Review

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). As a general rule, this court

---

[1]A field test disclosed the content of the purple bag was not a controlled substance.

should afford almost total deference to a trial court's determination of historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (en banc). *See also Montanez v. State*, 195 S.W.3d 101, 106-08 (Tex.Crim.App. 2006).

At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). The trial court may believe or disbelieve all or any part of a witness's testimony, even if that testimony is uncontroverted. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000) (en banc). Where, as here, the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Id*.

Appellant bases his sole challenge to the trial court's denial of his motion to suppress on involuntary consent. Relying on *Reasor v. State*, 12 S.W.3d 813 (Tex.Crim.App. 2000), he maintains that under the totality of the circumstances, his consent was coerced. We disagree.

Under the Fourth and Fourteenth Amendments, a warrantless search is per se unreasonable subject only to a few specifically established and well-delineated exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One of those exceptions is a search conducted pursuant to consent. *Id.* (citing *Davis v.*

*United States*, 328 U.S. 582, 593-94, 66 S.Ct. 1256, 90 L.Ed. 2d 1453 (1946)). For consent to be valid, it must be voluntary and not the result of duress or coercion. *See Reasor*, 12 S.W.3d at 817. Consent must be shown to be positive and unequivocal and is not established by "showing no more than acquiescence to a claim of lawful authority." *See Carmouche v. State*, 10 S.W.3d 323, 331 (Tex.Crim.App. 2000).

The State is required to prove the voluntariness of consent by clear and convincing evidence. *Reasor*, 12 S.W.3d at 818. Whether consent is voluntary is a question of fact to be determined from the totality of the circumstances. *Meeks v. State*, 692 S.W.2d 504, 509 (Tex.Crim.App. 1985) (en banc).

At the suppression hearing, Trooper Johnson was questioned in detail about his requests of appellant for consent to search his vehicle. The trooper testified that he asked appellant for consent to search the vehicle three times because appellant neither refused nor consented when first asked. He recalled that appellant then responded "go ahead." Regarding the search of appellant's pants pockets, Johnson testified appellant consented. On cross-examination, Johnson explained that he did not interpret appellant's comment that there was no need to search the vehicle as a refusal and asked for consent until appellant responded.

We initially note that neither appellant's nor the State's brief distinguishes between consent to search the vehicle and consent to search appellant's pants pockets. The methamphetamine was found in the pocket, not the vehicle. That issue aside, we do not agree that the circumstances presented in this record indicate appellant's consent for

4

either search was the product of duress or coercion, or was otherwise involuntary. Applying the proper standard of review, and affording the proper deference to the trial court, *Montanez*, 195 S.W.3d at 106-08, we find no abuse of discretion in its denial of appellant's motion to suppress.[2]  Appellant's sole issue is overruled.

The trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[2] The State further contends his detection of the odor of marihuana gave Trooper Johnson probable cause for a search of appellant's vehicle.  We do not reach that contention.