Opinion issued October 19, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00456-CR




HAN QUANG BUI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court of Law No. 9
Harris County, Texas
Trial Court Cause No. 1285487




MEMORANDUM OPINION
          A jury convicted appellant, Han Quang Bui, of selling alcohol to minors. See
Tex. Alco. Bev. Code Ann. § 106.03(a) (Vernon Supp. 2005).


 The trial court
assessed punishment at six months in the county jail and a $1,500 fine, suspending
the jail sentence in lieu of 18 months of community supervision. In his sole point of
error, appellant argues that the trial court erred by denying his motion to suppress and
by allowing testimony regarding his oral confession to be admitted. 
          We affirm.
Facts
          On February 12, 2005, Deputy W. Jacobo noticed two minors acting
suspiciously in front of a convenience store. Three twelve-packs of beer and four
bottles of wine were found near the minors. The minors claimed to have purchased
the alcohol from an “Asian man” inside the store. Deputy Jacobo found appellant,
who is Asian, in the back of the store, resting in a room. The room had only one
entrance, and the officer stood in the doorway as he questioned appellant. During the
questioning, appellant admitted to selling alcohol to the two minors. 
Motion to Suppress
          In his sole point of error, appellant claims he was in custody when he admitted
selling the alcohol to the juveniles and thus the trial court should have suppressed his
confession. 
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct de novo review of the
trial court’s application of the law to those facts. Id. We review de novo the trial
court’s application of the law of search and seizure and probable cause. State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Wilson v. State, 98 S.W.3d 265, 271
(Tex. App.—Houston [1st Dist.] 2003, no pet.). We examine the evidence in the light
most favorable to the trial court’s ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).
          All statements made during a custodial interrogation must be prefaced by a
Miranda warning in order to be admissible. See Miranda v. Arizona, 384 U.S. 436,
479, 86 S. Ct. 1602, 1630 (1966). In Texas, officers must give an additional warning
not required by Miranda. See Tex. Code Crim. Proc. Ann. art. 38.22 § 2(a)(5)
(Vernon 2005) (requiring warning that defendant has right to terminate interview at
any time). Oral statements made during custodial interrogations are further required
to be electronically recorded in order to be admissible. Tex. Code Crim. Proc. Ann.
art. 38.22 § 3(a) (Vernon 2005). Statements that are voluntary and given freely while
a suspect is not in custody are admissible into evidence without being subjected to the
requirements of Miranda or article 38.22. See Roquemore v. State, 60 S.W.3d 862,
868–69 (Tex. Crim. App. 2001); Jones v. State, 795 S.W.2d 171, 176 (Tex. Crim.
App. 1990) (citing Rhode Island v. Innis, 446 U.S. 291, 300, 100 S. Ct. 1682, 1689
(1980)). 
          “A person is in ‘custody’ only if, under the circumstances, a reasonable person
would believe that his freedom of movement was restrained to the degree associated
with a formal arrest.” Dowthitt v. State, 931 S.W.2d 244, 254–55 (Tex. Crim. App.
1996) (stating Texas courts recognize four general situations which may constitute
custody: (1) when the suspect is physically deprived of his freedom of action in any
significant way; (2) when a law enforcement officer tells the suspect he cannot leave;
(3) when law enforcement officials create a situation that would lead a reasonable
person to believe that his freedom of movement has been significantly restricted; and
(4) when there is probable cause to arrest and law enforcement officers do not tell the
suspect he is free to leave). The facts and circumstances of a detention determine
whether a suspect is in custody or simply detained while under investigation. Amores
v. State, 816 S.W.2d 407, 412 (Tex. Crim. App. 1991); Goldberg v. State, 95 S.W.3d
345, 360 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The subjective belief of
the officer as to whether the subject is detained or arrested is not determinative. 
Amores, 816 S.W.2d at 412; Goldberg, 95 S.W.3d at 360. Instead, the actions of the
officer are evaluated under a reasonable person standard, using the perspective of a
reasonable officer at the scene of the incident. Rhodes v. State, 945 S.W.2d 115, 118
(Tex. Crim. App. 1997); Goldberg, 95 S.W.3d at 360.
          Appellant argues that his confession was the result of custodial interrogation
because he was not free to leave the room whose only door was blocked by a police
officer. Appellant also points out that Deputy Jacobo testified at the suppression
hearing that appellant was not free to leave the room. The State responds that
appellant was not in custody when appellant confessed, and therefore Miranda and
article 38.22 do not apply. 
The record reveals that Deputy Jacobo found appellant in a back room of the
store lying down on a bed. Deputy Jacobo told appellant that he was conducting an
investigation of selling alcohol to minors. Deputy Jacobo further testified, My intention was to question him. I am conducting an
investigation. When I show up to any scene I have to conduct an
investigation before I can determine who is going to be filed on
or arrested. I have to conduct an investigation first. Once I
determine the facts, that’s when I either detain or place somebody
under arrest. 
 
After Deputy Jacobo informed appellant that he was conducting an
investigation, appellant admitted that he had sold alcohol to the minors. Deputy
Jacobo further testified that appellant volunteered the information. We conclude that
when Deputy Jacobo informed appellant that he was conducting an investigation of
selling alcohol to minors, appellant’s freedom of movement was not restrained to the
degree associated with a formal arrest. Thus, it was not necessary for Deputy Jacobo
to give appellant Miranda warnings or to comply with section 38.22. Although
Deputy Jacobo may have subjectively thought that appellant was not free to leave,
Deputy Jacobo did not communicate his beliefs to appellant. See Amores, 816
S.W.2d at 412; Goldberg, 95 S.W.3d at 360. Therefore, the trial court did not abuse
its discretion when it denied appellant’s motion to suppress. 
We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
                                                             
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).