ACCEPTED
06-14-00212-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/28/2015 4:31:55 PM
DEBBIE AUTREY
CLERK

No. 06-14-00212-CR

IN THE COURT OF APPEALS FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/29/2015 8:57:00 AM
DEBBIE AUTREY
Clerk

_____

**TERRY EUGENE GLENN, SR,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee

_____

**APPELLANT'S BRIEF**

_____

On appeal from

THE 71ST JUDICIAL DISTRICT COURT, HARRISON COUNTY, TEXAS

Trial Court No. 12-0455X

Hon. Brad Morin, Presiding

**APPELLANT REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

TERRY EUGENE GLENN, SR, Appellant

Trial Counsel for Appellee:
Honorable Shawn Connelly
Assistant District Attorney
State Bar No. 24051899
Harrison County Criminal District Attorney's Office
P.O. Box   776
Marshall, Texas   75670
903-935-8408 Telephone

Trial Counsel for Appellant:
Ms. Katherine Betzler
State Bar No. 24066509
400 Repose Lane, Apt. A
Marshall, Texas  75670
210-842-9749 Telephone

Appellate Counsel for Appellant:
Ms. Laura M. Carpenter
State Bar No.08618050
106 West Houston Street
Marshall, Texas 75671
903-938-7440 Telephone
903-938-3008 Fax

Appellate Counsel for Appellee
Harrison County Criminal District Attorney's Office
P.O. Box   776
Marshall, Texas   75670
903-935-8408 Telephone

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………………ii

Table of Contents …………………………………………………………..……iii

Index of Authorities…………………………………………………………iv-v

Statement of the Case………………………………………………………..1

Issues Presented…………………………………………………… .2

Statement of Facts………………………………………………………2

Argument and Authorities for Issue Number One …………..………..…6

ISSUE NUMBER ONE:  The trial court erred in denying Appellant's Motion to Suppress

Argument and Authorities for Issue Number Two………………………12

ISSUE NUMBER TWO:  The trial court erred in admitting the physical evidence as the State did not present a proper chain of custody

Conclusion……………………………………………………………………14

Prayer………………………………………………………………………..15

Certificate of Service……………………………………………………………16

Certificate of Compliance……………………………………………………..16

# INDEX OF AUTHORITIES

Cases:

*Amores v. State,* 816 S.W. 2d 407, 413 (Tex. Crim. App. 1991)    p. 10

*Arizona v. Hicks*, 480 U.S. 321, 326-29 (1987)    p.11

*Ballentine v. State*, 71 S.W. 3d, 763, 768 (Tex. Crim.App. 2002)    p.8

*Carmouche v. State,* 10 S.W.3d 323, 328 (Tex.Crim.App . 2000)    p.8

*Christmas v. United States,* 314 A.2 473 (D.C. 1974)    p.11

*Coolidge v. New Hampshire,* 403 U.S. 443, 465 (1971)    p.10

*Dossett v. State,* 216 S.W. 3d *7, 17 (Tex.App – San Antonio 2006 pet ref'd)*    p.13

*Eisenhauer v. State,*754 S.W.2d 159 164 (Tex. Crim. App. 1988)    p.9
*Ford v, State,*158 S.W.3d 488, 492    p.8

*Horton v. California,* 496 U.S. 128, 136 (1990)    p.10

*Katz v. United States*, 389 U.S. 347,  357 , 88 S. Ct. 507, 19 L.Ed. 2d 576 (1967)    p.6

*Keehn v. State,*279 S.W. 3d 330, 334 (Tex. Crim. App. 2009)    p.10

*McNairy v. State,* 835 S.W.2d 101, 106 (Tex. Crim. App. 1991)    p.9

*Reasor v. State,* 12 S.W.3d 813, 817 (Tex. Crim. App. 2000)    p.9

*Russell v. State*, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986)    p. 6

*Schenckloth v. Bustamonte,* 412 U.S. 218, 219 (1973)    p.9

*State v. Ballard,* 987 S.W. 2d 889, 892 (Tex. Crim. App. 1999)    p.9

*State v. Garcia-Cantu*, 253 S.W.3d 236, 238 (Tex. Crim.App 2008)   p.7,8

*Terry v. Ohio*, 392 U.S. 1, 22 (1968)   p.8

*Thomas v. State*, 572 S.W. 2d 507 (1976)   p.11

*Villareal v. State*, 935 S.W.2d 134, 140 (Tex. Crim.App. 1996)   p.12


Statutes:

Texas Constitution   p.7

Texas Code of Crim. Proc., 1.04, 1.06, 38.23   p.7

U.S. Constitution,4[th],  5th and 14th Amendments   p.7,8

*v.*

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

**COMES NOW** Appellant Terry Eugene Glenn, Sr, by and through Appellant's attorney of record, Laura M. Carpenter, and, pursuant to the provisions of Texas Rules of Appellate Procedure 38, *et. seq.*, files this brief on appeal.

## <u>STATEMENT OF THE CASE</u>

This is an appeal from a conviction for possession of less than one gram of cocaine.  TERRY EUGENE GLENN, SR  was tried and convicted by a jury in the 71st Judicial District Court in Harrison County, Texas.  After enhancement, the Appellant was then sentenced by the jury to 15 years in the Institutional Division of the Texas Department of Criminal Justice.

For clarity, THE STATE OF TEXAS  will be referred to as "the State", and TERRY EUGENE GLENN, SR will be referred to a "Defendant" or "Appellant."

More specifically, this is an appeal from a jury trial held beginning October 7, 2014 in the 71st Judicial District Court, Harrison County, Texas. Appellant was accused of the offense of Possession of a Controlled Substance (cocaine less than 1 gram).  Prior to trial, a Suppression hearing was held on March 24, 2014 (RR Vol. 2, pp 1-46)  and the trial court denied the Appellant's Motion to Suppress.  (RR Vol 2, p. 45).   A jury was

selected and empanelled. Evidence was presented by the State and the jury found the Appellant guilty. (RR Vol. 4, p. 182). After Appellant pled true to enhancements, the punishment trial was held and the jury assessed punishment at fifteen years in the Institutional Division of the Texas Department of Criminal Justice. (RR Vol. 5, p. 109.) Appellant timely filed a Notice of Appeal. Appellant filed a Motion for New Trial. A hearing on the Motion for New Trial was heard on December 16, 2014, and Judge Morin denied the motion for a new trial. (RR Vol. 6, p. 80.)

## ISSUES PRESENTED

### POINT OF ERROR ONE

The trial court erred in denying Appellant's Motion to Suppress?

### POINT OF ERROR TWO

The trial court erred in admitting the physical evidence as there was not proper proof of a chain of custody.

## STATEMENT OF FACTS

Terry Eugene Glenn, Sr., appellant, was accused of possession of a controlled substance, specifically cocaine of less than one gram, on May 13, 2011, while he was in the road at the intersection of Highway 59 and

I-20 in Marshall, Texas. Several Marshall police officers were dispatched to the area for a disturbance call to find the appellant in the middle of the intersection with two other individuals dragging him. In the appellant's hand were his i.d. and a prescription bottle of his ward, James Mike Tobin. Without a warrant, without consent, without plain view of drugs, and without any probable cause, a police officer opened the pill bottle and found cocaine. Appellant filed a pretrial motion to suppress the admittance of the cocaine in support of the State's case. The trial judge denied the motion to suppress, which the following was detailed at the hearing:

On May 13, 2011, at approximately 11:14 p.m., Office Jason Mobley of the Marshall Police Department responded to a call regarding a disturbance at the intersection of Highway 59 and Interstate 20. (RR Vol. 2, p. 9). Officer Mobley stated he saw two subjects attempting to drag a black male subject out of the middle of the intersection. (RR Vol 2., p. 10). The officer identified the black male being dragged as the defendant, Terry Eugene Glenn, Sr. (RR Vol 2, p. 11-12). After helping the defendant on the side of the road, Officer Mobley took the i.d. and the pill bottle from the defendant's hand without permission. (RR Vol 2, p. 28 and pp. 33-34 ). Officer Mobley testified that he did not know what was inside the pill bottle. (RR Vol 2, p. 28.) Officer Mobley never asked the defendant if he could

search inside the pill bottle.  (RR Vol. 2, pp. 30-31).  The defendant told Officer Mobley that he was taking care of someone at Motel 6.  (RR Vol 2, p. 31.)   which explained why the pill bottle did not have the defendant's name on it.  Officer Mobley stated that there was no evidence in plain view and that he did not suspect the defendant of any crime that involved drugs. (RR Vol 2, p. 34.)

On examination by the prosecutor, the following questions and answers by Officer Mobley (RR Vol 2, p. 19):

Q:  So did you open the bottle to see what was, in there was in fact, since you had been told you said that he was taking Diazapam:  I am sorry Valium or –

A:  Valium

Q:  Okay.  And taking that in consideration too, did you open the bottle to affirm what the substance whether it was consistent with what you were told?

A:  Yes.

Q:  And when you opened the bottle what did you observe?

A:  Two small clear plastic baggies and a white rock substance.

On cross-examination, testimony by Office Mobley contradicted his previous testimony and established he did not open the bottle but that Lieutenant John Johnson had opened the bottle. (RR Vol 2, pp. 34-34.) Further, Officer Mobley testified that Lieutenant Johnson did not ask for consent to open the bottle. (RR Vol 2, P. 35).

Office Mobley responded to questioning that when he came up to the defendant in the road that there was no probable cause to arrest him for possession of any kind of drug; that there was no probable cause to arrest him for a public disturbance; that there was no probable cause to arrest him when the officer took the i.d. and pill bottle from the defendant's hand; and that the officer didn't know what was inside the pill bottle. (RR Vol 2, pp. 39-40.) Officer Mobley stated that he was conducting a welfare check and that his main concern was getting the defendant out of the road. (RR Vo. 2, p. 41)

Officer Mobley affirmed that that he did not know what was inside the bottle by just looking at it and that he couldn't see through the bottle at all. He had no idea that there was anything other than possibly Valium in the bottle. (RR. Vo. 2, p. 31.)

**ARGUMENTS AND AUTHORITIES FOR ISSUE ONE**

THE TRIAL COURT REVERSIBLY ERRED IN DENYING APPEALLNT'S MOTION TO SUPPRESS EVIDENCE, TO WIT: COCAINE SEIZED FROM APPELLANT'S PILL BOTTLE, AS SUCH EVIDENCE WAS DISCOVERED PURSUANT TO A SEARCH CONDUCTED WITHOUT PROBABLE CAUSE AND WITHOUT A WARRANT IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDAMENT TO THE U.S. CONSTITUTION, ARITCLE 1 SECTIONS 9,10,13, AND 19 OF THE TEXAS CONSTITUTION, AND ARTICELS 1.04, 1.06 AND 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

A search conducted without a warrant is presumed to be unreasonable.  The burden falls on the State to show its reasonableness. *Russell v. State*, 717 S.W. 2d 7, 9-10 (Tex.Crim.App. 1986).  "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions."  *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967).

Article 1, Section 9 of the Texas Constitution also prohibits unreasonable searches.  Illegal searches are also violation of due process and due course of law guaranteed by the 5th and 14th Amendments to the U.S. Constitution and Article 1, Section 13 & 9 of the Texas Constitution as well as Texas Code of Criminal Procedure Articles 1.04, 1.06 and 38.23.

The Texas Code of Criminal Procedure prohibits the use against defendants of evidence that was illegally seized.  It reads as follows

*Art. 38.23.  Evidence not to be used*

(a) *No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United State of America, shall be admitted in evidence against the accused on the trial of any criminal case.*

The Fourth Amendment protects citizens against unreasonable searches and seizures by government agents.  U.S. Const. amend. IV; see *State v. Garcia-Cantu*, 253 S.W.3d 236, 238 (Tex. Crim. App. 2008).  A seizure is reasonable under the Fourth Amendment if the agent reasonable suspects the person of engaging in criminal activity.

*Terry v. Ohio*, 392 U.S. 1, 22 (1968); *Carmouche v. State*, 10 S. W. 3rd 323, 328 (Tex.Crim. App. 2000).

A police officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492; *Ballentine v. State*, 71 S.W. 3d 763, 768 (Tex. Crim. App. 2002). Reasonable suspicion exists when, based on the totality of the circumstances, the office has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to reasonably conclude that a particular person actually is, has been or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492; *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). This is a wholly objective test that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop existed at the time the officer made the stop. *Ford* 158 S.W.3d at 492; *Garcia*, 43 S.W.3d at 530. A reasonable suspicion determination is made by looking at the totality of the circumstances. *Ford*, 158 S.E. 3d at 492-93; *Garcia*, 43 S.W. 3d at 530.

Under the Fourth and fourteenth Amendments to the United States Constitution, a search conducted without a warrant issued upon

probable cause is per se unreasonable, limited to a few well-delineated exceptions. *Schenckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Reasor v. State*, 12 S.W. 3d 813, 817 (Tex. Crim. App. 2000). " A search prior to the establishment of probable cause can never be considered valid" because a police "office could stop a vehicle for any reason or no reason, search its passenger compartment and then arrest the occupants based on whatever evidence is found in the search" *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999) Thus, the issue is whether the police office had the "existence of probable cause to arrest an appellant before the search."

"Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). The "totality of the circumstances approach applies to warrantless…seizures of persons and property." *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988). The "burden is on the State to prove the existence of probable cause to justify a warrantless

arrest or search."  *Amores v. State*, 816 S.W. 2d 407, 413 (Tex. Crim. App. 1991).

The plain-view doctrine is an exception to the warrant requirement, which permits an officer to seize what he views in plain sight or open view if he is lawfully on the premises.  *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971).  A seizure of an object is lawful under the plain view exception if three requirements are satisfied: (1) law enforcement officials must lawfully be where the object can be plainly viewed, (2) the incriminating character of the object in plain view must be immediately apparent to the officials, and (3) the official must have the right to access the object. *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009).

A plain-view seizure is only permitted if "its incriminating character is 'immediately apparent." *Horton v. California*, 496 U.S. 128, 136 (1990).  Under such prong, the United States Supreme Court explained that the Fourth Amendment requires that a police officer have probable cause to believe that the object is one that the police officer has power to seize, i.e., contraband, fruits or instruments of crime, or evidence that a crime was committed or that

a particular person committed it. *Arizona v. Hicks*, 480 U.S.. 321, 326-29 (1987).

In *Thomas v. State*, 572 S.W.2d 507 (1976), the Texas Court of Criminal Appeals held in that case that the seizure of pills could not be upheld under the plain view doctrine. "Prescription drugs are not inherently contraband, stolen goods or objects dangerous in themselves.  The mere viewing of bottles with drugstore labels on them did not authorized the officers to enter the automobile and search the jacket or seize the pills." Id. At 509.

In *Christmas v. United States*, 314 A.2d 473 (D.C. 1974), the District of Columbia Court of Appeals ruled,

> The only theory upon which the seizure of the medicine vial and the examination of its contents may be sustained is that the vial (although not its contents) was in plain view.

> But even under such circumstances the Court admonished…"that plain view alone is never enough to justify the warrantless seizure of evidence."  Absent therefore probable cause to believe at the time of the initial intrusion that the medicine vial contained contraband or that it in some way endangered the officer's safety, he had in our opinion no more authority to seize the vial and examine its contents than he would have had, under the circumstances, to seize and examine the contents of a woman's handbag, a man's attache case, or a grocery bag.  Id. At 476.

In this case, Officer Mobley stated he did not have any probable cause to arrest the Appellant. Office Mobley continued stating that he couldn't see anything in the pill bottle. It turns out that another officer, Lieutenant Johnson actually opened the bottle and stated that it was cocaine. There is absolutely no evidence brought forward from the prosecution that Lieutenant Johnson had any legal basis to open the pill bottle.

At the suppression hearing, Appellant's counsel argued that he had an interest in the pill bottle because he was the nurse taking care of the person whose name was on the prescription. (RR Vol 2, p. 44). Appellant ran from the hotel room with his ward's pill bottle clutched in his hand to avoid the robbers which demonstrates he had an actual, subjective expectation of privacy. As such, the appellant had reasonable expectation of privacy in the thing searched. *Villareal v. State*, 935 S.W.2d 134, 140 (Tex. Crim. App.1996).


**ARGUMENTS AND AUTHORITIES FOR ISSUE TWO**

THE TRIAL COURT REVERSIBLY ERRED IN ADMITTING THE PHYSICAL EVIDENCE OF THE PILL BOTTLE WITH COCAINE.AS THERE WAS NO PROPER CHAIN OF CUSTODY

Proof of the beginning and end of a chain of custody will support the admission of the evidence in the absence of any evidence of tampering or alteration. *Dossett v. State*, 216 S.W.3d 7, 17 (Tex-App – San Antonio 2006 pet ref'd)

At trial, Officer Mobley said he took the pill bottle and opened it. (RR Vol 4, p. 103) Officer Mobley stated that after he opened the bottle he observed inside a plastic bag that had a white rock substance that appeared to be crack cocaine. (RR Vol 4, p. 104) Later, Officer Mobley states that actually Lieutenant Johnson took the bottle and opened it. (RR Vol 4, p. 123). It was Lieutenant Johnson that stated it was crack cocaine in the bottle. (RR Vol 4, p. 124). Officer Mobley field tested the bottle with a fluid test. (RR Vol 4, p. 124). Then Officer Mobley gave the bottle to Officer Joe Chastain. (RR. Vol 2, p. 35.) Officer Mobley testified that he booked the Appellant for possession of a controlled substance, 4 grams to 200 grams. (RR.Vol 4, p. 110).

Officer Beck testified regarding receiving the pill bottle for evidence storage from Officer Mobley. (RR Vol 4, p. 71). Officer Beck took the evidence to the Tyler lab. (RR Vol 4, p. 71). Ms. Esparza from the Tyler lab testified that the substance weighed 0.72 grams (RR Vol 4, p. 77).

Clearly, there is a question about the beginning of the chain of custody based on the contradictory statements from Officer Mobley. He begins by stating that he took the pill bottle and opened it and found cocaine. Then, he corrects himself and states that Lieutenant Johnson actually took the bottle and opened it and proclaimed finding cocaine. Lieutenant Johnson was the beginning of the chain of custody. Counsel for appellant objected to the chain of custody stating the State had not justified the chain of custody. (RR Vol. 4, p. 105). Additionally, there is a question on why Appellant is booked in on possession of 4 to 200 grams when the lab reports the weight of the substance to be less than 1 gram.

## CONCLUSION

The evidence presented to secure a conviction of the Appellant was the result of an illegal search inside the pill bottle and therefore inadmissible under the Texas exclusionary rule, (Tex. Code Crim. Pro. Art. 38.23). There was no warrant, no probable cause, nor any exceptions to allow the search inside the seized bottle.

The chain of custody of the pill bottle was not proven from the beginning of the chain of custody. Testimony from Officer Mobley was that another officer, Lieutenant Johnson, was the first person to take the pill

bottle and open it and declare cocaine. Coupled with the discrepancy between the amount that the Appellant was booked for and the actual weight raises clear questions of the beginning of the chain of custody. The State had the burden to prove the chain of custody and the State failed to call the person who first took the pill bottle and open it.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court of Appeals reverse the conviction in this case and render a judgment of acquittal, or if this Honorable Court elects not to render a judgment of acquittal, Appellant prays this Honorable Court of Appeals reverse the conviction and remand the case to the trial court.

Respectfully submitted,


<u>/s/ Laura M. Carpenter</u>

Laura M. Carpenter
Counsel for Appellant
106 W. Houston
Marshall, TX  75672
903-938-7440 tel.
903-938-3008 fax
State Bar No. 08618050

## CERTIFICATE OF SERVICE

This is to certify that on April 28, 2015, a true and correct copy of the foregoing document was delivered by mail to counsel for the state, Hon. Coke Solomon, at Harrison County District Courthouse, Marshall, Texas.


/s/ Laura M. Carpenter
Laura M. Carpenter


## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 3,591 words according to the computer program used to prepare the document.


/s/ Laura M. Carpenter
Laura M. Carpenter